ANGELICA BALABANOFF, Plaintiff, *v.* IVANOE FOSSANI et al.,
Defendants.

Supreme Court, Special Term, New York County, July 29, 1948.

*Morris D. Forkosch* for plaintiff.

*Donald C. Hays* for Alice Hotaling, doing business as Hotaling's News Agency, defendant.

AURELIO, J. Motion to strike out defense of defendant Hotaling for insufficiency.

The cause of action against defendant Hotaling alleges in substance that she is one of the largest vendors of out-of-town newspapers and that she libelled plaintiff by distributing and circulating copies of the *Buffalo Evening News,* dated April 21, 1948, containing the alleged libel.

The defense in substance sets forth that the copies of the *Buffalo Evening News,* dated April 21, 1948, were sold in the regular course of business; that defendant had no knowledge that it contained the alleged libel; that there were no grounds for believing that the newspaper contained any libelous matter; and that defendant was not negligent in the premises.

There appear to be no New York decisions on the point presented. The question, however, has come up in other jurisdictions both in the United States and England and the authorities are in accord in holding that it is a good defense for a vendor to show that he had no knowledge of the libelous matter contained in a newspaper and that no extraneous facts existed to have put him on guard. The rule is succinctly stated in Corpus Juris Secundum (Vol. 53, Libel and Slander, § 151, subd. d, p. 236) as follows: " Vendors or Distributors. * * * It is a good defense to a libel action for a vendor or distributor of a newspaper or other periodical to show that he had no knowledge of the libelous matter and that there were no extraneous facts which should have put him on his guard. Such vendor or distributor is liable, however, if he had knowledge that the news-

paper or periodical contained libelous matter." (Citing: *Hartman* v. *American News Co.*, 69 F. Supp. 736; *Holden* v. *American News Co.*, 52 F. Supp. 24, appeal dismissed, 144 F. 2d 249; *Bowerman* v. *Detroit Free Press*, 287 Mich. 443; *Street* v. *Johnson*, 80 Wis. 455.)

As stated in *Bowerman* v. *Detroit Free Press* (*supra*, pp. 451–452): " In these days of speedy dissemination of news it seems unreasonable to hold that a local distributor of newspapers should be required to check the contents of each issue for libelous matter in order to protect himself against liability for damages."

I conclude that the defense sought to be stricken is sufficient and, accordingly, the motion is denied.