**PEORIA AND PEKIN UNION RAILWAY COMPANY, a corporation, Plaintiff,**

v.

**CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, a Foreign Corporation, Defendant.**

**No. 78–1009.**

United States District Court, S. D. Illinois, N. D.

March 16, 1978.

David A. Nicoll, Peoria, Ill., for plaintiff.

James P. Daley and George H. Brant, Chicago, Ill., Mishael O. Gard, Peoria, Ill., for defendant.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO REMAND

ROBERT D. MORGAN, Chief Judge.

This action was commenced in the Circuit Court of Peoria County on December 13, 1977, by the Peoria and Pekin Union Railway Company (P&PU), charging the defendant, Chicago and North Western Transportation Company (C&NW), with breach of contract. It was subsequently removed to this court upon the defendant's petition, under the provisions of the removal statute. 28 U.S.C. § 1441. The case is now pending on the P&PU's motion to remand the case back to the state court from which it was removed, pursuant to 28 U.S.C. § 1447(c)[1]

---

1. 28 U.S.C. § 1447(c) provides:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs."

and F.R.Civ.P. 12(b)(1). For the reasons which follow, plaintiff's motion to remand must be allowed.

The P&PU and C&NW entered into a written contract on December 1, 1911, under which the P&PU granted to the C&NW the non-exclusive use of its railroad tracks and facilities in Peoria, Illinois, for a period of ten years. As consideration for the use of these facilities, the C&NW agreed to pay the P&PU the sum of $22,500 per year as rent and a just proportion of the maintenance expenses with respect to these tracks and facilities. The length of this contract was extended through September 12, 1946, by virtue of several extension agreements. On that date the parties entered into a supplemental agreement, lasting until February 1, 1981. The terms of the 1946 contract are the same as those under the original agreement. This contract was required to be, and was, in fact, approved by the Interstate Commerce Commission (ICC). The plaintiff alleges that although the C&NW complied with the several contracts for many years, it has been in breach since August of 1973, by failing to pay its proportionate share of the maintenance expenses.[2]

For an action to be removable to a federal district court, it must be one in which the district court would have had original jurisdiction, had the case originally been filed in the federal district court. 28 U.S.C. § 1441(a).[3] Therefore, the determinative question in deciding whether this action is removable, is whether this court has subject matter jurisdiction over the controversy.

■ It is well settled that in a removal action, the claim which confers federal jurisdiction must be apparent on the face of the plaintiff's complaint, unaided by the answer or petition to remove. *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct.

96, 81 L.Ed. 70 (1936). Thus, the interjection of a defense premised on federal law is incapable of establishing a basis for federal jurisdiction. *La Chemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339 (3d Cir. 1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975), *reh. denied*, 421 U.S. 1006, 95 S.Ct. 2408, 44 L.Ed.2d 674 (1975). Applying this principle to the instant case, it is apparent that any contention by the C&NW that the P&PU has violated certain provisions of the Interstate Commerce Act would be a defense which can be asserted in the state courts. Such a defense would, if upheld, serve only to bar enforcement of plaintiff's contractual rights, but does not alter the nature of the cause of action so as to confer jurisdiction upon this court.

Plaintiff characterizes this action simply as a common law action for breach of contract, and argues that an action by a common carrier to recover under a contractual agreement with another common carrier does not give rise to federal jurisdiction. In support of its position, the P&PU relies on *Chicago & N. W. Ry. Co. v. Toledo, P. & W. R. Co.*, 324 F.2d 936 (7th Cir. 1963), a case which this court deems to be controlling here.

In the above case the C&NW filed a complaint in this court seeking to enjoin the defendant railroad from interfering with and preventing it from operating its trains with its own crews over a certain section of track. The C&NW claimed that it was entitled to operate its trains over the disputed trackage by virtue of a joint-track agreement which it had entered into with the Toledo, Peoria & Western Railway. The joint-trackage agreement there, like the non-exclusive use contract in the present case, was required to have, and did

---

**2.** For a more detailed look at the factual dispute underlying this action, see *Chicago & N. W. Ry. Co. v. Peoria & P. U. Ry. Co.*, 46 Ill.App.3d 95, 4 Ill.Dec. 468, 360 N.E.2d 404 (1977).

**3.** 28 U.S.C. § 1441(a) provides:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a

State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

in fact have, the approval of the ICC. For that reason, the C&NW contended that the action presented issues arising under a federal act regulating commerce.

Judge Mercer held that the court lacked subject matter jurisdiction, and, accordingly, dismissed the complaint. *Chicago & N. W. Ry. Co. v. Toledo, P. & W. R. Co.*, 217 F.Supp. 64 (S.D.Ill.1963). On appeal, this decision was affirmed. *Chicago & N. W. Ry. Co. v. Toledo, P. & W. R. Co.*, 324 F.2d 936 (7th Cir. 1963). The Court of Appeals, in its opinion, made the following statement, which, in substance, is equally applicable to the present case:

"We hold that although it was necessary to obtain Interstate Commerce Commission approval of the 1957 agreement, this is not sufficient to confer jurisdiction upon the District Court. No mandatory order of the Interstate Commerce Commission is involved. We agree with the District Court that the Interstate Commerce Commission approval was permissive only. The fact that such permission was required, does not have the effect of making the commerce act a part of the contract insofar as the respective rights of North Western and TP&W are concerned." 324 F.2d at 938.

■ In light of *Chicago & N. W. Ry. Co.,* *supra,* defendant's contention that the present action is one seeking to enforce an order of the ICC is untenable.[4] In the instant case, as in the cited case, no mandatory order of the ICC is involved. Although it was necessary to obtain ICC approval over the 1946 contract, such approval was

permissive only. The present action is not one seeking to enforce an order of the ICC, and no jurisdiction is conferred upon the court by 28 U.S.C. § 1336.[5]

■ Jurisdiction is asserted by the C&NW to exist under §§ 1331[6] and 1337[7] of the Judicial Code, as well as under § 1336. 28 U.S.C. §§ 1331 and 1337. In *McFaddin Express, Inc. v. Adley Corp.*, 346 F.2d 424 (2d Cir. 1965), *cert. denied*, 382 U.S. 1026, 86 S.Ct. 643, 15 L.Ed.2d 539 (1966), cited by plaintiff, jurisdiction was alleged to exist under the same three sections of the Judicial Code. There, the plaintiff's cause of action was based upon the alleged breach of two contracts entered into between two motor carriers both of which required the approval of the ICC. The Court of Appeals stated that:

". . . we cannot find that plaintiffs have here shown that federal principles should supersede state law in any respect relevant to this case. That the contracts could not lawfully be carried out save with ICC approval does not, without more, demonstrate that Congress meant all aspects of their performance or nonperformance to be governed by law to be fashioned by federal courts rather than by the state law applicable to similar contracts relating to businesses not under federal regulation." 346 F.2d at 427.

Accordingly, the Court of Appeals affirmed the District Court, and implicitly held that jurisdiction did not exist under 28 U.S.C. §§ 1331, 1336 or 1337. Because of the strong similarity between the material facts in *McFaddin* and those in the present case,

---

4. The C&NW characterizes the present case as one seeking to enforce an order of the ICC, a matter the defendant says is within the exclusive jurisdiction of the federal courts under 28 U.S.C. § 1336 and *Lambert Run Coal Co. v. Baltimore & O. R.R.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922).

5. 28 U.S.C. § 1336 provides in pertinent part that:

"(a) Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, in whole or in part, any order of the Interstate Commerce Commission . . . ."

6. 28 U.S.C. § 1331 provides in pertinent part that:

"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States. . . ."

7. 28 U.S.C. § 1337 provides in pertinent part that:

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

*McFaddin* is good authority supporting plaintiff's position that federal jurisdiction is absent here.

This conclusion is buttressed by the fact that to bring an action within federal question jurisdiction under the provisions of 28 U.S.C. § 1331, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action. *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). A similar requirement exists with respect to an Act of Congress regulating commerce under 28 U.S.C. § 1337. However, no Act of Congress regulating commerce or other federal law is an essential element of the P&PU's cause of action. Rather, its action is predicated upon the 1946 agreement between the parties and ordinary principles of contract law. The Interstate Commerce Act is not directly involved in the dispute, except by way of a defense; and as mentioned earlier, using the Act as a defense is insufficient to invoke federal jurisdiction. Therefore, it is apparent that §§ 1331 and 1337 do not confer jurisdiction upon the court in the present case.

The C&NW argues that if the P&PU's complaint is taken as well-plead, then it becomes evident that plaintiff's claim arises under federal law. In essence, the defendant's argument is that the railroad industry is so heavily regulated by federal legislation, that federal law has preempted the field, thereby forming an essential part of the P&PU's complaint.

In support of this argument, the defendant cites *Sweeney v. Morgan Drive Away, Inc.*, 394 F.Supp. 1216 (D.Colo.1975); *American Synthetic Rubber Corp. v. Louisville & N. R. Co.*, 422 F.2d 462 (6th Cir. 1970); *Sylgab Steel & Wire Corp. v. Strickland Transportation Co.*, 270 F.Supp. 264 (E.D.N.Y.1967); *Magnuson v. Burlington Northern, Inc.*, 413 F.Supp. 870 (D.Mont.1976); *Downey v. Geary-Wright Tobacco Co.*, 39 F.Supp. 33 (E.D.Ky.1941); and *Fluor Ocean Services, Inc. v. Rucker Co.*, 341 F.Supp. 757 (E.D.La.1972). None of these cases is persuasive. The first three of these cases involve claims against interstate carriers under the Carmack Amendment to the Interstate Commerce Act. The Carmack Amendment, a federal statute preempting state and common law claims resulting from damage to goods shipped by interstate common carriers, simply has no applicability to the case at bar. The *Magnuson* case is inapposite because, although a railroad common carrier was one of the parties, the case involves employer-employee relations, a subject governed by federal labor law under the Railway Labor Act. Finally, the last two cited cases have little relevancy to the present matter, because they do not involve the railroad industry; they involve marketing disputes in the tobacco industry and off-shore oil drilling disputes, respectively.

■ The present case involves a contract dispute. The fact that the parties to this dispute happen to be railroad common carriers is immaterial. The defendant has failed to meet its burden of proving that federal legislation has preempted the field of basic contract law in this area or serves as a basis for the right sought to be enforced by the plaintiff. The court is unable to accept the C&NW's contention that federal regulation of the railroad industry is so pervasive as to become an essential element in every contract dispute between two or more railroad lines, thereby transforming, by way of legal alchemy, a simple common law action into one based upon federal law.

In summary, the P&PU's cause of action against the C&NW for allegedly breaching a 1946 contract is not a matter over which this court has subject matter jurisdiction. The suit, filed in the state courts of Illinois, is one calling for the application of common law principles of contracts. This fact is not changed by the fact that both parties to the dispute are railroad common carriers. Furthermore, ICC approval of the contract does not make this action an attempt to enforce an order of the ICC, or in any way serve as a basis for federal jurisdiction. Since the court lacks original jurisdiction, the cause should be remanded, under the provisions of

28 U.S.C. § 1447(c), to the Circuit Court of Peoria County, from which it was removed.[8]

Accordingly, IT IS ORDERED that plaintiff's motion to remand the case back to the Circuit Court of Peoria County is hereby ALLOWED.

8. Plaintiff has also filed a motion to strike certain affirmative defenses asserted by defendant. However, because of the court's decision on the motion to remand, there is no occasion to reach plaintiff's motion to strike.