WHITESTONE SAVINGS AND LOAN ASSOCIATION, Plaintiff,

v.

Jack Edward ROMANO, Rita Romano, Mitchell Gardens Kosher Meat & Poultry Market, "John Doe," "Jane Doe," "James Doe" said names unknown to plaintiff, it is being intended to designate tenants or occupants on the mortgaged premises, if any, and Arthur H. Alexandor, Inc., Defendants.

Jack Edward ROMANO and Rita Romano, Third-Party Plaintiffs,

v.

Bernard P. KRASINSKI and George J. Meade, Esq., Third-Party Defendants.

No. 79 C 3133.

United States District Court, E. D. New York.

Feb. 29, 1980.

Marjorie O'Connell, Albertson, N. Y., for defendants.

Munley, Meade, Burns & Nielsen, for plaintiff by James G. Meade, Great Neck, N. Y.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This action was removed from Supreme Court, Nassau County, pursuant to authority defendants Jack Edward and Rita Romano ("Romanos" or "petitioners") contend is found in the general removal statute, 28 U.S.C. § 1441, and in the provision permitting removal of certain civil rights cases, 28 U.S.C. § 1443. Plaintiff commenced the action on or about December 13, 1978, by service of summons and complaint, seeking foreclosure of a purchase money mortgage given plaintiff by the Romanos to secure the performance of a bond in the principal sum of $24,000. The bond and mortgage were given as consideration for the purchase of premises in Long Beach, New York.

The Romanos answered and filed a counterclaim and third-party complaint on January 2, 1979. Thereafter, petitioners engaged in procedural battles in the State court, losing both their claim that the action should not be given a trial preference under court rule and their motion for leave to serve what they contended was a critical amended answer, counterclaim, and third-party complaint. It should also be noted that, in the interim, petitioners filed an action against plaintiff and third-party defendants in this court, which concluded with a dismissal under Rule 41(a)(2), F.R.Civ.P.

Petitioners filed a notice of appeal in the Appellate Division seeking reversal of the order denying their motion to file an amended answer, counterclaim and third-party complaint. They unsuccessfully sought a stay pending the appeal, which was denied by the Appellate Division on November 21, 1979. The case then appeared on a trial calendar on December 4, 1979, but was adjourned to December 11, 1979, due to the illness of petitioners' attorney, notwithstanding their pending motion to reargue the stay in the Appellate Division returnable on December 18, 1979. Petitioners removed the action to this court on December 10, 1979.

The crux of petitioners' claim of right to removal is that the State court's denial of their motion to amend their answer, counterclaim and third-party complaint and the Appellate Division's unwillingness to grant a stay pending appeal constitutes a mockery of justice, which permits removal since these actions allegedly deprive petitioners of equal protection and due process of law. They also appear to contend that plaintiff and third-party defendants have defrauded petitioners of their property through use of State laws and State courts. Petitioners' claims that these arguments entitle them to remove the action are utterly without merit, and for the following brief reasons, plaintiff's motion to remand the action as improvidently removed is granted.

■ Although there is some question that the removal was timely under 28

U.S.C. § 1446(b), there is a more fundamental defect in the petition. It is clear upon consideration of the complaint that plaintiff's action is based solely on State law and cannot be said to arise under federal law for purposes of removal pursuant to 28 U.S.C. § 1441. *Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). There appears to be no allegation, moreover, that removal is proper on the ground of diversity of citizenship. Thus, removal cannot be sustained under authority of 28 U.S.C. § 1441.

■ Petitioners appear to contend nonetheless that removal is permissible if predicated upon § 1443, which states in relevant part:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

Their claim apparently is that they are aggrieved by and in danger of irreparable injury from adverse decisions of the State court. A generalized claim of deprivation of due process of law or equal protection is insufficient, however, to sustain removal in these circumstances.

In *Johnson v. Mississippi*, 421 U.S. 213, 220, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975), the Supreme Court reiterated the two-prong test for removal under § 1443(1):

"First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' *Georgia v. Rachel, su-*

*pra*, 384 U.S., at 792, 86 S.Ct., at 1790 [384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966)]. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1). *City of Greenwood v. Peacock, supra*, 384 U.S., at 825, 86 S.Ct., at 1181 [384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966)]."

And addressing itself to § 1443(2), the Court of Appeals for this circuit in *People of the State of New York v. Galamison*, 342 F.2d 255, 271 (2 Cir.), *cert. denied*, 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272 (1965), stated that when the removal statute

"speaks of 'any law providing for equal rights,' it refers to those laws that are couched in terms of equality such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all."

The petition does not refer to any specific law providing for equal rights within the meaning of § 1443, and it is apparent that there is no basis for any claim of racial discrimination. Thus, quite apart from the other defects in petitioners' removal argument as we understand it—there is, for example, no possibility that they fall within the color of authority requirement of § 1443(2)—petitioners' grounds for removal simply do not fall within those recognized to warrant invocation of the removal procedure of § 1446. See generally 1A Moore's Federal Practice ¶ 0.165.

■ The court notes Judge Weinfeld's comments in *People of State of New York v. Jenkins*, 422 F.Supp. 412, 415 (S.D.N.Y.

1976), that "[t]here is no reason to assume that the state courts will not zealously protect the constitutional rights of litigants." Thus, where as here the State has provided adequate and ample avenues to challenge all allegedly offensive decisions as well as the opportunity to contest the complaint on the merits, such as a trial on the merits and appellate remedies, including appeal to the State's highest court and review from a final State court determination to the United States Supreme Court, there is no basis for using the removal statute "to abort or interrupt a state trial. While lawyers owe a duty to protect their clients' interests, they are equally under a duty not to interfere unduly with the orderly administration of justice. Procedural errors, even those that allegedly violate constitutional rights, do not justify resort to the removal statute unless its terms are met; otherwise the federal courts would be inundated with a new flood of litigation . . . ." *People of State of New York v. Jenkins*, Id. at 415–16.

■ Accordingly, plaintiff's motion to remand the case is granted. Since there is no indication that the improvident removal was attempted in bad faith (although petitioners' counsel's misapprehension of the law is difficult to understand), no costs will be assessed. See *Smith v. Student Non-Violent Coordinating Committee*, 421 F.2d 522 (5 Cir. 1969); *Algonquin Gas Transmission Co. v. Gregory*, 105 F.Supp. 64, 67 (D.Conn. 1952).

So ordered.