**Joseph MACALUSO, Plaintiff,**

v.

**MONDADORI PUBLISHING COMPANY, d/b/a Panorama Magazine, and Romano Cantone, Defendants.**

No. 81 Civ 3493.

United States District Court, E. D. New York.

Dec. 10, 1981.

Maloney, Viviani & Higgins, New York City, for plaintiff.

Milgrim, Thomajan, Jacobs & Lee, P. C., New York City, for Arnoldo Mondadori Editore S.p.A.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This action for "libelous publication of defamatory information" was commenced against Romano Cantone and Mondadori Publishing Company ("MPC") in New York State Supreme Court on October 5, 1981. MPC is a New York corporation, and it was served with a summons at its principal office in New York.

MPC is a wholly-owned subsidiary of Arnoldo Mondadori Editore S.p.A. ("S.p.A."), an Italian corporation. Although S.p.A. was neither named as a party nor served with process in the New York action, it seeks to remove the action to this court, arguing that it is the true defendant being sued under the MPC name; and that, as the real defendant, this is an action between a citizen of a state and citizens of a foreign state under 28 U.S.C. Section 1332. Plaintiff now moves to remand the action to the state court.

Plaintiff's motion to remand must be granted for reasons both procedural and substantive. In the first place, S.p.A.'s petition for removal is defective. Section 1446(a) of Title 28 of the United States Code permits removal in diversity cases only if all defendants join in the petition. *Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir. 1960); *Rosenberg v. GWV Travel, Inc.*, 480 F.Supp. 95, 96 n.2 (S.D.N.Y.1979). Because neither Romano Cantone, nor MPC,

the separate corporate entity actually named as a defendant, joined in S.p.A.'s petition, the removal was improper *ab initio*.

■ There is yet another procedural obstacle to removal. Section 1441(b) of Title 28 of the United States Code provides that diversity actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." MPC, the only corporation properly served in the State action, is a New York corporation. Accordingly, the action is not removable and the citizenship of S.p.A. is wholly irrelevant to this determination.

S.p.A. seeks to blunt the force of these procedural objections by intruding itself into this litigation where it was neither named nor served. By alleging that it, and not MPC, is the real target of plaintiff's libel action, and that MPC "has had nothing whatsoever to do with the publication of the alleged libel or the magazine in which it was contained", S.p.A. apparently seeks to persuade the Court that MPC is not even a proper party. Although the burden is on S.p.A. to establish its right to remove,[1] there are no affidavits from employees of the interested corporations that might explain the roles of MPC or S.p.A. in the publication and distribution of Panorama Magazine. Counsel's blanket, unsupported assertions are insufficient to show that plaintiff cannot prevail in a libel action against MPC. *Jerro v. Homes Lines, Inc.*, 377 F.Supp. 670, 672 (S.D.N.Y.1974).

■ S.p.A. does not dispute that MPC distributed the defamatory issue of Panorama Magazine. Under New York law, this is a predicate for the liability of MPC since one who "furnishes the means of circulation" may be just as liable for libel as the publisher of a periodical containing the allegedly libelous material. *Youmans v. Smith*, 153 N.Y. 214, 218–19, 47 N.E. 265 (1897); W. Prosser, *Law of Torts* 768 (1971).

*See Anderson v. New York Times Telephone Co.*, 35 N.Y.2d 746, 748, 361 N.Y.S.2d 913, 320 N.E.2d 853 (1974). The victim may elect to sue them jointly or severally. *Stokes v. Morning Journal Ass'n*, 72 A.D. 184, 193, 76 N.Y.S. 429, 436 (1st Dept. 1902). To prove itself blameless, MPC would have to show that it had no knowledge of the libelous matter and that there were no extraneous facts putting it on notice. *Balabanoff v. Fossani*, 192 Misc.2d 615, 617, 81 N.Y.S.2d 732, 733 (S.Ct., N.Y. Co. 1948). No affidavits were submitted to demonstrate MPC's lack of culpability. Moreover, the extent to which MPC may be liable is a question of fact to be determined at trial. This Court need inquire no further than to determine whether there is a colorable claim against MPC. *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964).

In this case, plaintiff's summons clearly names MPC and Romano Cantone as defendants, and just as clearly omits S.p.A. as a defendant. Furthermore, in his motion to remand, plaintiff has reaffirmed that the target of his suit is MPC—the named defendant—and not S.p.A. The plaintiff has the right to select the forum and "to prosecute his own suit his own way to a final determination." *Parks v. New York Times Co., supra*, 308 F.2d at 478. *See Paxton v. Weaver*, 553 F.2d 936, 939 & n. 2 (5th Cir. 1977); *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176–77 (5th Cir. 1968); *Marquette National Bank of Minneapolis v. First National Bank of Omaha*, 422 F.Supp. 1346, 1349–51 (D.Minn. 1976).

For all of the above reasons, this case is hereby remanded to the New York State Supreme Court. *See* 28 U.S.C. §§ 1441(b); 1446(c); 1447(c). Plaintiff's motion for costs and disbursements is denied. *See Whitestone Savings & Loan Ass'n v. Romano*, 484 F.Supp. 1324, 1326 (E.D.N.Y.1980).

SO ORDERED.

---

1. *R. G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979). *See Sylgab*

*Steel & Wire Corp. v. Strickland Transp. Co.*, 270 F.Supp. 264, 267 (E.D.N.Y.1967).