Gordon **ZIMMERMAN**, Plaintiff,

v.

**CONRAIL**, Defendant.

No. 82 CIV. 5689 (LBS).

United States District Court, S.D. New York.

Oct. 22, 1982.

Gordon Zimmerman, pro se.

Michael J. Siris, New York City, for defendant.

## OPINION

SAND, District Judge.

Plaintiffs,[1] passengers on Conrail's Harlem-Hudson line, filed suit in small claims court alleging breach of contract and tortious misconduct with respect to Conrail's operation of its passenger service in June and July of 1982. Pursuant to 28 U.S.C. § 1441(a), defendant had this action removed to the United States District Court for the Southern District of New York. Plaintiffs, in asking that the case be remanded to small claims court, aver that the § 1441(a) requirement of original federal jurisdiction has not been met. Plaintiff Zimmerman also requests reimbursement for costs incurred in contesting the removal.

Defendant Conrail contends that it was required by the Regional Rail Reorganization Act of 1973, 45 U.S.C. §§ 701 *et seq.,* to operate the Harlem-Hudson commuter line to the extent that the line was subject to an agreement between Penn Central Transportation Company and the Metropolitan Transportation Authority. It relies on this circumstance and the Interstate Commerce Act, 49 U.S.C. §§ 1 *et seq.,* to allegedly bring this case within 28 U.S.C. § 1441(a).

We conclude that the fact that Conrail was required by the Regional Rail Reorganization Act of 1973 to operate the Harlem-Hudson commuter line does not give rise to an action "arising under any Act of Congress regulating commerce", 28 U.S.C. § 1337(a), because plaintiffs' complaints are formulated in terms of and grounded in contract and tort law, which is within the province of the state. Accordingly, we remand these cases to the respective small claims courts in which they were commenced. We further conclude that lack of any indication that the defendant's removal was attempted in bad faith militates against awarding fees to plaintiff Zimmerman for costs incurred.

I

As enunciated in *Long Island Railroad Company v. United Transportation Union,* 484 F.Supp. 1290 (S.D.N.Y.1980), the plaintiff's framing of the complaint is the starting point for determining whether an action "arises under" federal law.

> "In determining whether an action 'arises under' federal law, we must look initially to plaintiff's complaint. *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). If plaintiff chooses to rely on state law as the basis for its claim, then the case cannot be said to arise under federal law even if plaintiff could have relied on federal law instead. *Great Northern Railway v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); *American Well Works v. Layne,* 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916)."

484 F.Supp. at 1291–1292. Here, as in *Long Island Railroad Company,* plaintiffs' complaints alleging contractual breach and tortious misconduct rely solely on state, not federal law.

Moreover, a series of cases involving railroads establishes that the mere fact that

---

1. This is one of a series of actions commenced by individual commuters *pro se.* Since the issues raised are identical in all of these proceedings, our disposition herein shall govern all said actions listed in Appendix A hereto.

a federal law regulating commerce may be tangentially related to a cause of action is insufficient to satisfy 28 U.S.C. § 1337(a), conferring district courts with original jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce...." In *Chicago and North Western Ry. Co. v. Toledo, Peoria & Western R.R. Co.*, 324 F.2d 936 (7th Cir.1963), the court upheld the district court's decision denying federal court jurisdiction even though the disputed 1957 trackage agreement between the two railroad companies could not have been undertaken without I.C.C. approval.

"We hold that although it was necessary to obtain Interstate Commerce Commission approval of the 1957 agreement, this is not sufficient to confer jurisdiction upon the District Court.... The fact that such permission was required, does not have the effect of making the commerce act a part of the contract insofar as the respective rights of North Western and TP & W are concerned."

324 F.2d at 938. The court in *Peoria & Pekin Union Ry. Co. v. Chicago and North Western Trans. Co.*, 446 F.Supp. 1115 (S.D. Ill.1978) reached the same result in a case involving a similar disputed trackage agreement.

"The present case involves a contract dispute. The fact that the parties to this dispute happen to be railroad common carriers is immaterial. The defendant has failed to meet its burden of proving that federal legislation has preempted the field of basic contract law in this area or serves as a basis for the right sought to be enforced by the plaintiff. The court is unable to accept the C & NW's contention that federal regulation of the railroad industry is so pervasive as to become an essential element in every contract dispute between two or more railroad lines, thereby transforming, by way of legal alchemy, a simple common law action into one based upon federal law.... The suit, filed in the state courts of Illinois, is one calling for the application of common law principles of contracts.... Furthermore, ICC approval of the contract does not make this action an attempt to enforce an order of the ICC, or in any way serve as a basis for federal jurisdiction."

446 F.Supp. at 1119. *Eickhof Construction Co. v. Great Northern Ry. Co.*, 291 F.Supp. 44 (D.Minn.1968) provides further illustration of the federal courts' refusal to find federal jurisdiction in cases where there is only a tenuous link between federal law and the cause of action. Although plaintiff's damage action arose in that case because federal law required that the I.C.C.-established freight rate be paid by plaintiff despite reliance on the defendant interstate carrier's misquotation of a lower rate, the court held that once compliance with the lawful rates had been effected, plaintiff's recourse resided in a negligence action. Since negligence claims derive from the common law of states, federal jurisdiction was denied.

 Plaintiffs' claims in these actions are no more federal in nature than were the claims in the cases discussed above. While the Regional Rail Reorganization Act structures Conrail's operations, it is in no way an "essential element" of these plaintiffs' claims, *see Gully v. First National Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936), which appear from the complaints to lie exclusively in the domain of state contract law. Moreover, defendant's general reference to the Interstate Commerce Act does not convert this from an action based on state law to one based on federal law. The fact that questions of federal law may arise as part of the defense of this action does not create original jurisdiction in this Court. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). The federal controversy that forms the basis of original jurisdiction must be disclosed by the face of plaintiff's complaint "unaided by the answer or by the petition for removal." *Gully*, 299 U.S. at 113, 57 S.Ct. at 98; *see also* J. Moore, 1A Moore's Federal Practice ¶ 0.163[4.—3] (2d ed. 1982) (unless plaintiff conceals a federal question, he is the "master of his case"). Because these actions

could not have been brought in this federal court as an original matter, the removal requirements of § 1441(a) have not been satisfied. The cases must therefore be remanded pursuant to 28 U.S.C. § 1447(c).

## II

■ Fees incurred in contesting removal actions have been awarded when the removing party has acted in bad faith. *See, e.g., Peltier v. Peltier,* 548 F.2d 1083 (1st Cir.1977); *Dunkin Donuts of America v. Family Enterprises, Inc.,* 381 F.Supp. 371 (D.Md.1974). Courts have held that subsequent attempts at removal after the first attempt has failed to constitute bad faith. *See Peltier, supra; Muirhead v. Bonar,* 556 F.2d 735 (5th Cir.1977); *Smith v. Student Non-Violent Coordinating Committee,* 421 F.2d 522 (5th Cir.1969). Additionally, courts have made bad faith determinations when lack of federal jurisdiction is obvious from the face of the complaint. Accordingly, bad faith motive was imputed to the removing parties in *Dunkin Donuts of America, supra,* where the attempted removal was based on diversity of citizenship that *clearly* did not exist upon examination of the party contestants.

As there is no indication in the record that defendant acted in bad faith, plaintiff Zimmerman's costs should not be reimbursed. *Whitestone Sav. & Loan Ass'n v. Romano,* 484 F.Supp. 1324 (E.D.N.Y.1980).

### *Conclusion*

The actions listed in Appendix A hereto are remanded to the respective courts indicated therein. Imposition of costs is denied.

SO ORDERED.

### APPENDIX A

| Docket Number | Plaintiff | Court to Which Remanded |
| --- | --- | --- |
| 82 Civ. 5689 | Zimmerman, Gordon | Town Justice Court, Town of Greenburgh Small Claims Part |
| 82 Civ. 5690 | Economos, Joan | Village Court of the Village of Tuckahoe Small Claims Part |
| 82 Civ. 5732 | Base, Jeanne | City Court of Yonkers Small Claims Part |
| 82 Civ. 5733 | Fendelman, Burton | Scarsdale Village Justice Court Small Claims Part |
| 82 Civ. 5734 | Hantman, Nancy T. Mr. & Mrs. Willard Reid Chase, Jim Grayson, Dr. Richard S. Reinish, Elise | City Court of the City of White Plains Small Claims Part |
| 82 Civ. 6525 | Eisenstat, Mark | Town Justice Court Town of Greenburgh Small Claims Part |
| 82 Civ. 6526 | Einstein, Joseph H. | Justice Court of the Town of New Castle Small Claims Part |
| 82 Civ. 6527 | Melden, Jean Z. | Town Justice Court Town of Greenburgh Small Claims Part |
| 82 Civ. 6528 | Howard, William J. | Town Justice Court Town of Greenburgh Small Claims Part |
| 82 Civ. 6529 | Eisenstat, Bonnie | Town Justice Court Town of Greenburgh Small Claims Part |

| Docket Number | Plaintiff | Court to Which Remanded |
|---|---|---|
| 82 Civ. 6530 | Farkas, Susan | Town Justice Court<br>Town of Greenburgh<br>Small Claims Part |
| 82 Civ. 6531 | Feldstein, Steve | Town Justice Court<br>Town of Harrison<br>Small Claims Part |
| 82 Civ. 6532 | Ueberle, Diane L. | Town Justice Court<br>Town of Greenburgh<br>Small Claims Part |
| 82 Civ. 6533 | Hagerty, Marie | Town Justice Court<br>Town of Greenburgh<br>Small Claims Part |
| 82 Civ. 6704 | Simmons, Harriet | City Court of New Rochelle<br>Small Claims Part |
| 82 Civ. 6705 | Becker, Howard | City Court of New Rochelle<br>Small Claims Part |
| 82 Civ. 6706 | Altro, Arthur F. | Town Justice Court<br>Town of Greenburgh<br>Small Claims Part |
| 82 Civ. 6707 | Simmons, Morton | City Court of New Rochelle<br>Small Claims Part |
| 82 Civ. 6708 | Leary, James M. | City Court of New Rochelle<br>Small Claims Part |