CAP MAKERS' UNION, LOCAL 2H AMALGAMATED CLOTHING AND TEXTILE WORKERS UNION AFL–CIO, CLC, by its Administrator, Jose ALVAREZ, Plaintiff,

v.

Michael FEINSTEIN and Luz Rivera, individually and as officers of an entity doing business as "Capmakers Union, Local 2", Defendants.

87 Civ. 6489 (RWS).

United States District Court, S.D. New York.

Sept. 25, 1987.

Vladeck, Waldman, Elias & Engelhard, P.C. (Daniel Engelstein, Lowell G. Peterson, New York City, of counsel), Barbara Jane Carey, Asst. Gen. Counsel ACTWU, New York City, for plaintiff.

Leaf Sternklar & Drogin, (Ira Drogin, Harriet Gilliam, New York City, of counsel), for defendants.

## OPINION

SWEET, District Judge.

This is an action brought as a summary proceeding in New York State court by plaintiff Cap Makers Union, Local 2H, Amalgamated Clothing and Textile Workers Union AFL–CIO, CLC ("Local 2H") by its Administrator against defendants Michael Feinstein ("Feinstein") and Luz Rivera ("Rivera"), formerly officers of Local 2H, to enjoin them from using the name "Capmakers Union Local 2" to designate a new, rival entity. Feinstein and Rivera removed the action to federal court, and after a pretrial conference with the parties on September 9, 1987, the court set Local 2H's application down for argument on September 18. Local 2H has not moved for a remand, but for the reasons set forth below, the court directs a remand on its own motion.

### Background and Prior Proceedings

This action is the latest chapter in the dispute between Local 2H and two of its former officials, which initially took the form of *Amalgamated Clothing and Textile Workers Union, AFL–CIO v. Cap Makers Union, Local 2H, ACTWU,* 87 Civ. 5014 (RWS), which concerned, among other things, the rights of the parties following the appointment of an administrator for Local 2H and a disaffiliation vote taken in the Local before the officials resigned. On July 16, 1987, a consent order was entered dismissing the earlier case, resolving certain other issues and declaring that disaffiliation vote null and void, while specifically noting that the order was not to be deemed a finding or admission of wrongdoing on the part of any party and resolving certain other issues. The parties also agreed separately not to resolve the issue as to the use of the Local's name.

Subsequently, Local 2H filed a petition in state court against these defendants together with an order to show which was returnable there September 8, 1987, seeking to enjoin them from using the name "Capmakers Local 2." On that day, Feinstein and Rivera removed the action to federal court.

Proceedings have also been commenced at the National Labor Relations Board ("NLRB") dealing with the representation rights of Capmakers Local 2.

Local 2H's verified petition in the state action is explicitly grounded on N.Y.Gen. Bus.Law § 133, which proscribes using a trade name with intent to deceive, and on the common law of the New York. However, Paragraph 19 of Local 2H's verified petition in the state action alleges:

[Local 2 is] approaching employers with whom Cap Makers' Local 2H has a collective bargaining relationship and telling those employers that this new 'Capmakers Union, Local 2'—and not Cap Makers' Local 2H—is the real representative of their employees. Respondents [Feinstein and Rivera] are seeking to bargain with these employers as if this entity, 'Capmakers Union, Local 2,' had the legal standing to engage in such bargaining. It does not, because, under § 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), Cap Makers' Local 2H is the exclusive bargaining representative of the employees of each of the employers the Respondents have ... approached.

On the basis of this paragraph, Feinstein and Rivera state in their removal petition that Local 2H's action begun in the state court "presents a federal question in that it falls under Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a) and involves a dispute concerning the representation of employees."

Because the facts in the state action grew out of circumstances presented in the earlier case, counsel designated the removed case as related to that case. Although the earlier case had been closed, counsel represented that there would be a motion to reopen and commence proceedings related to the consent order, and consequently I accepted the removed case as

related to a case that is constructively "still pending" before me under Rule 15 of the *Rules for the Division of Business among District Judges: Southern District.* A status conference was held in this court on September 9, and Local 2H's application was made returnable on September 18 at which an oral motion was made by Local 2H to reopen the earlier case. Cap Makers' Local 2H has not moved to remand the removed action to state court.

### Standards for Removal

The threshold issue in this case is whether removal was proper under 28 U.S.C. § 1441. 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...."

As the Supreme Court has recently held: "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (emphasis in original) (footnote omitted). That is, "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* (quoting *Gully v. First Nat'l Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)).

Here, the verified petition that commenced the state action seeks to enjoin Feinstein and Rivera from using the name "Capmakers Local 2" on the basis of N.Y. Gen.Bus.Law § 133, which proscribes using a trade name with intent to deceive, and on the common law of the New York.

■ Neither of the parties has represented that the issue of exclusive legal bargaining representation is an element of either the statutory or the common law claims alleged in the instant action. Local 2H's allegation in paragraph 19 appears directed towards establishing the confusion that it alleges Feinstein and Rivera have caused. Indeed, neither Local 2H nor the individual defendants have addressed the

issue of the exclusivity of the bargaining representatives in their papers. Both parties address the merits of Local 2H's claims on the basis of New York law standards.

Federal law enters the picture only through Feinstein and Rivera's defenses. Specifically, they have raised federal pre-emption as a defense, arguing that the action in state court interferes with NLRB proceedings ("NLRB"), over which it is said that the NLRB has exclusive jurisdiction. However, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Laborers Vacation Trust,* 463 U.S. at 14, 103 S.Ct. at 2848. In such situations, the state courts, charged with equal fealty to federal law, must resolve the federal issues.

Although the court is familiar with the background of this case and although, at this point, judicial economy would be served by going forward with the case in this forum, the federal district court is powerless to act without jurisdiction. Even though Local 2H has made no motion to remand, this case was not properly removed, and pursuant to 28 U.S.C. § 1447(c), the court orders the action remanded on its own motion. Pursuant to that section, the clerk shall mail a certified copy of the order of remand to the clerk of the state court so that the state court can proceed with the case.

### Costs

Local 2H did not move to remand this case to the state court, and was apparently as satisfied to have its action decided here as there. However, it did ask, in the event that the court did remand the case, that it be awarded costs and attorneys fees under 28 U.S.C. § 1446(d) and Fed.R.Civ.P. 11.

■ The pertinent removal provisions appear to conflict on the question of costs. 28 U.S.C. § 1446(d) provides that a petition for removal shall be accompanied by "a bond with good an sufficient surety conditioned that the defendant or defendants

*will pay* all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed." (emphasis added). However, 28 U.S.C. § 1447(c) provides that when the district court directs a remand, it *"may order the payment of just costs."* (emphasis added). In this court, it appears that "[f]ees incurred in contesting removal actions have been awarded when the removing party has acted in bad faith," *Zimmerman v. Conrail,* 550 F.Supp. 84, 87 (S.D.N.Y.1982), and bad faith has not been shown here. Consequently the application for costs and Rule 11 sanctions are denied.

## Conclusion

For the foregoing reasons, this action is remanded to the state court on the court's own motion, the clerk is directed to send a certified copy of the remand order to the clerk of the state court so that the state court can proceed with the case. Costs and Rule 11 sanctions will not be taxed.

IT IS SO ORDERED.