Clyde Stanley BERNHARDT,
Jr., Appellant,

v.

AMERICAN AIRLINES, INC., and
Allied Pilots Association, Appellees.

No. 73–2726.

United States Court of Appeals,
Ninth Circuit.

March 3, 1975.

Jay S. Bulmash (argued), Kirsch, Arak & Bulmash, Beverly Hills, Cal., for appellant.

Patrick MacFarland (argued), Los Angeles, Cal., for appellee Allied Pilots Assn.

George Christensen, Los Angeles, Cal., for appellee American Airlines, Inc.

Before CHAMBERS and ELY, Circuit Judges, and ANDERSON,* District Judge.

## OPINION

PER CURIAM:

Bernhardt, discharged from his position as a pilot for American Airlines, Inc., (American) sought the assistance of the Allied Pilots Association (APA), a union of which he was then a member. APA, at Bernhardt's request, filed a grievance with American in line with a collective bargaining agreement between the union and American, dated June 1, 1970. Following the filing of the grievance, a hearing concerning the propriety of the discharge was conducted by a Pilot System Board of Adjustment. The grievance procedure and the adjustment Board had, through collective bargaining, been established under the requirements of the Railway Labor Act, 45 U.S.C. § 151 et seq. The Adjustment Board's five members consisted of two representatives of APA, two representatives of American, and a neutral arbitrator. After a full hearing, the Adjustment Board sustained Bernhardt's discharge, concluding:

---

* The Honorable J. Blaine Anderson, United States District Judge, District of Idaho, sitting by designation.

"The charges made by the Company in its letter of discharge were established. The incidents involved were clearly in violation of the Company rules. Bernhardt's conduct, his attempt to cover them up, his failure to seek professional aid at any time, all reflects not only on his conduct but his judgment, as it may relate to the duties and responsibilities of a pilot." Thereafter, Bernhardt instituted suit against American and APA in the District Court. The complaint was drawn in five counts, but essentially, Bernhardt's claims were that his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, had been violated; that his equal protection rights under the Constitution had been infringed by a "private conspiracy" between American and APA, 42 U.S.C. § 1985(3); and that there had been fraud or corruption on the part of the Adjustment Board or certain members thereof.

The courts have held that decisions of Pilot System Adjustment Boards are, like Adjustment Boards in respect to railroads (see Andrews v. Louisville & Nashville Railroad Co., 406 U.S. 320, 325, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972)), final and conclusive and that such decisions may not be retried on the merits in an independent judicial proceeding. See, e. g., Rosen v. Eastern Air Lines, Inc., 400 F.2d 462 (5th Cir. 1968), cert. denied, 394 U.S. 959, 89 S.Ct. 1307, 22 L.Ed.2d 560 (1969), reh. denied, 395 U.S. 917, 89 S.Ct. 1741, 23 L.Ed.2d 232 (1969); Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int'l, 373 F.2d 136 (8th Cir.), cert. denied, 389 U.S. 827, 88 S.Ct. 77, 19 L.Ed.2d 83 (1967). As we view the record, such relitigation was precisely that which Bernhardt sought in the case at Bar. It is true that one such as Bernhardt, unsuccessful in proceedings before an Adjustment Board, may challenge the Board's action by Petition for Review in a District Court. But under 45 U.S.C. § 153(q), a challenge lies only "for failure of the division [of the Adjustment Board] to comply with the requirements of this chapter [Title 45, Chapter 8.— Railway Labor], for failure of the order to conform, or conform itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order." [1]

In carefully reviewing the whole record, including, especially, the documents pertaining to the appellees' motions for summary judgment, we find no adequate basis, under the applicable statute and controlling authorities, for Bernhardt's attempt to obtain judicial review of the Adjustment Board's decision.

There is no suggestion of non-compliance with Chapter 8 of Title 45, and it is obvious that the challenged Order falls within the scope of the Adjustment Board's jurisdiction. The only possible basis for Bernhardt's allegation of fraud and corruption is the fact that he and his attorney met informally with the two APA members of the Board prior to the time of the hearing before the Board. We think that the occurrence of that meeting cannot be equated with the "fraud or corruption" contemplated by Congress in its enactment of 45 U.S.C. § 153(q). Even if we assume, arguendo, to the contrary, Bernhardt was unable to specify, despite the District Court's invitation for him to do so, wherein any prejudice had accrued to Bernhardt as a result of the meeting.

The District Court was clearly correct in rejecting Bernhardt's Title VII claim because of Bernhardt's failure to exhaust the available administrative remedies. See, e. g., Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

Finally, there is no more than the barest conclusory allegation—insufficient on its face—to support the claim of conspiratorial, class-based, discrimination that Bernhardt sought to establish under 42 U.S.C. § 1985(3). Cf. Griffin v. Brecken-

---

1. The provisions of 45 U.S.C. § 153(q) apply both to Railroad and Pilot System Boards of Adjustment. 45 U.S.C. §§ 181, 182.

ridge, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Applying the controlling legislation and judicial precedents, as did the District Court, we are impelled to the conclusion that the challenged determinations of the District Court must be, and they hereby are

Affirmed.