**Harold R. MAGNUSON, Plaintiff,**

v.

**BURLINGTON NORTHERN, INC., a corporation, et al., Defendants.**

**No. CV–75–52–BLG.**

United States District Court,
D. Montana,
Billings Division.

May 21, 1976.

---

John C. Hoyt, Hoyt & Bottomly, Great Falls, Mont., for plaintiff.

Bruce R. Toole, Crowley, Haughey, Hanson, Gallagher & Toole, Billings, Mont., for defendants.

## OPINION AND ORDER

BATTIN, District Judge.

Presently pending is the defendants' effort to remove this action from state court; the plaintiff resists.

## BACKGROUND FACTS.

The plaintiff, a train dispatcher, was on duty at the time of a collision between two trains near Havre. An investigative hearing was held shortly after the accident and resulted in the discharge of the plaintiff. The plaintiff alleges that he in no way caused the accident but contends that the management personnel fired him in an effort to whitewash their own negligence. The plaintiff argues that his discharge amounted to tortious conduct on the part of the defendants.

The plaintiff does not seek reinstatement as a Burlington Northern employee but seeks monetary damages for past and future wages, retirement benefits, malicious and intentional infliction of emotional distress, and punitive damages.

The defendants contend that the plaintiff was a railroad employee; as such, his relationship with his former employer, Burlington Northern, came under the jurisdiction of the Railway Labor Act, and the agreement between Burlington Northern and the American Train Dispatchers Association which was entered into pursuant to the duty imposed by 45 U.S.C. § 152 First (Railway Labor Act). The defendant argues that federal law is controlling, and, thus, the action should be removed to Federal Court.

The plaintiff, who has not exhausted his administrative remedies under the agreement between the Burlington Northern and the American Train Dispatchers Association, argues that there is no point in appealing to the Railway Adjustment Board, since the Board is composed of representatives from carriers, which would certainly not support him, and representatives of the Union, which refused to offer him support during the initial hearing. Furthermore, the plaintiff would have no judicial review of the Board's determination except in the case of fraud or lack of jurisdiction of the Board. 45 U.S.C. § 153(p).

## DISCUSSION.

The key case to this issue is *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1971). In that case, the plaintiff, prior to an automobile accident, had been a railroad employee in good standing. He alleged that following the accident he had fully recov-

ered and was physically able to resume his work for the company, but that the company had refused to allow him to return to work, and that the company's actions amounted to a wrongful discharge. He asked for past and future earnings and attorney's fees. In that opinion, the Supreme Court reviewed the history of cases of this kind. Originally, *Moore v. Illinois Central Railroad Company,* 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941), held that "the railroad employee who elected to treat his employer's breach of the employment contract as a discharge was not required to resort to the remedies afforded under the Railway Labor Act for adjustment and arbitration of grievances, but was free to commence in state court an action based on state law for breach of contract." *Andrews, supra,* 406 U.S. at 321, 92 S.Ct. at 1564, 32 L.Ed.2d at 98. That decision was based on the conclusion that the Congress had intended the procedure for adjustment of disputes to be optional and not compulsory.

But, the *Andrews* decision specifically overruled *Moore.* In *Andrews,* the Court noted that provision for arbitration of a discharge grievance is not a matter of voluntary agreement under the Railway Labor Act; the Act compels parties to arbitrate minor disputes before the National Railroad Adjustment Board established under the Act. *Walker v. Southern Railroad Co.,* 385 U.S. 196, 198, 87 S.Ct. 365, 366, 17 L.Ed.2d 294, 296 (1966).

In *Andrews,* the plaintiff argued that "his election to sever his connection with the employer and treat the latter's alleged breach of the employment contract as a 'discharge' renders his claim sufficiently different from the normal disputes over the interpretation of a collective bargaining agreement to warrant carving out an exception to the otherwise mandatory rule for the submission of disputes to the Board." But, the Court stated:

"But the very concept of 'wrongful discharge' implies some sort of statutory or contractual standard that modifies the traditional common-law rule that a con-

tract of employment is terminable by either party at will. Here it is conceded by all that the only source of petitioner's right not to be discharged, and therefore to treat an alleged discharge as a 'wrongful' one that entitles him to damages, is the collective-bargaining agreement between the employer and the union. Respondent in this case vigorously disputes any intent on its part to discharge petitioner, and the pleadings indicate that the disagreement turns on the extent of respondent's obligation to restore petitioner to his regular duties following injury in an automobile accident. The existence and extent of such an obligation in a case such as this will depend on the interpretation of the collective-bargaining agreement. Thus petitioner's claim, and respondent's disallowance of it, stem from differing interpretations of the collective-bargaining agreement. The fact that petitioner intends to hereafter seek employment elsewhere does not make his present claim against his employer any the less a dispute as to the interpretation of a collective-bargaining agreement. His claim is therefore subject to the Act's requirement that it be submitted to the Board for adjustment." *Andrews, supra,* 406 U.S. at p. 324, 92 S.Ct. at p. 1565, 32 L.Ed.2d at p. 99.

The plaintiff's entire position was most adequately and forcefully argued by Mr. Justice Douglas in his dissent in *Andrews,* and his arguments were not convincing to the Court. There has been a clear, manifested Congressional intent that disputes be settled in accordance with the contractually agreed-upon arbitration procedures set forth in the Railway Labor Act. The plaintiff's employment rights were created by and are subject to the Railway Labor Act and therefore are governed by federal labor law, which is paramount to the state law. To deny removal would jeopardize federal labor policies. See *Macy v. Trans World Airlines, Inc.,* 381 F.Supp. 142 (D.Md.1972).

This Court also rejects the jury trial argument. The plaintiff's claim is properly

part of an administrative scheme and therefore a jury trial is inappropriate and not required. Relying upon *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), the Tenth Circuit in *Brotherhood of Railroad Trainmen, et al. v. Denver & R.G.W.R. Co.*, 370 F.2d 833, 836 (1966), stated:

"Finally, the railroad contends that Public Law 89–456, by making the findings of the Board conclusive and by refusing review of an order requiring the payment of money damages, is violative of the Seventh Amendment right to trial by jury. We can place no constitutional significance in the statutory amendments as such. The right to a jury in the district court existed before the 1966 amendments and it exists now. The significance of the amendments lies in bounding the already limited scope of judicial review so that the merits of the controversy are in reality a closed question after determination by the Board. Such power in Congress is recognized by the Supreme Court as proper in the field of railway labor law in Gunther and reflects the theory that compulsory arbitration of labor disputes must be final, for the 'federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424."

Therefore, IT IS ORDERED that the defendants' petition for removal is granted.