**Robert Berry BROWN,
Plaintiff-Appellant,**

v.

**AMERICAN AIRLINES, INC.,
Defendant-Appellee.**

No. 77–2180.

United States Court of Appeals,
Fifth Circuit.

April 23, 1979.

Joe Riddles, Dallas, Tex., for plaintiff-appellant.

Louis P. Bickel, Thomas L. Case, Dallas, Tex., for defendant-appellee.

Before MORGAN, FAY and RUBIN, Circuit Judges.

FAY, Circuit Judge:

■ The issue presented for review is whether an alleged breach of a settlement agreement between an air line and its aggrieved employee provides a basis for escaping the command of the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* (1976), that the System Board of Adjustment ("Board") has exclusive jurisdiction over "minor"[1] dis-

---

1. The Act provides mechanisms for settling two types of disputes, which the Supreme Court has characterized as "major" and "mi- nor" disputes. A major dispute involves the formation of a collective bargaining agreement or the substantial alteration or amendment of

putes. We hold that the Board has exclusive jurisdiction in this case and affirm the dismissal by the District Court.

■ Brown was employed as a mechanic for American Airlines, Inc. ("American"). On January 11, 1974 he was laid off. He filed a grievance that American's action was "not in accordance with the current labor agreement," and he requested that he be returned to his position according to his former seniority. He withdrew the grievance after it was denied at the first level.[2] He asserts that he did so in exchange for American's promise that when he received a federal mechanic's license, he would be reclassified as a mechanic and returned to work in his former seniority position without the necessity of an examination of his qualifications.[3] Brown obtained the license, but American refused to reclassify him. Brown then filed a second grievance based on the breach of the alleged settlement contract. The second grievance was denied at the first and second levels on the ground

that it was outside the scope of the collective bargaining agreement ("CBA"). Brown filed an appeal to the Board, but he withdrew it "due to the company's position that the General Board of Adjustment lacks jurisdiction in said case."[4]

Brown then filed suit in federal district court, asserting rights under the alleged contract between himself and American. The district court dismissed on the ground that the Board was vested with exclusive jurisdiction to hear the case.

■ By characterizing his settlement with American as a "common law contract," Brown attempts to circumvent the substantial body of law which provides that the Board has exclusive jurisdiction over disputes involving the interpretation or application of a CBA. 45 U.S.C. §§ 153 First (i), (m),[5] 184; *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *Slocum v. Delaware, Lackawanna & Western Railroad Co.,*

---

an existing agreement. It involves the acquisition of rights. A minor dispute relates to the interpretation of an existing labor management contract. It is directed to rights already vested. *Elgin, Joliet & Eastern Railway Co. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 89 L.Ed. 1886 (1944), *rehearing granted,* 326 U.S. 801, 66 S.Ct. 86, 90 L.Ed. 488 (1945), *modified,* 327 U.S. 661, 66 S.Ct. 721, 90 L.Ed. 928.

2. 45 U.S.C. § 184 makes applicable to air carriers the provisions of the Act. Section 184 also provides for a multi-tiered grievance adjustment mechanism culminating in the boards of adjustment:
> the disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or applications of agreements concerning rates of pay, rules, or working conditions . . . shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to an appropriate adjustment board, as hereinafter provided, with a full statement of the facts and supporting data bearing upon the disputes.

In this case there were two internal tiers before the Board heard a grievance.

3. The existence of the settlement or its terms has not been established. As we shall discuss more fully, however, the existence and validity

of the settlement contract are matters which must be taken initially before the Board.

4. In order to support his decision to withdraw his appeal to the Board and to proceed directly in federal court, Brown argues that he detrimentally relied on American's position that the Act's dispute settling mechanisms were inapplicable to their settlement contract and that American cannot now object to federal court jurisdiction. In our adversary legal system, this would indeed be a strange rule, and we refuse to accept it. Furthermore, the Act makes no provision for parties by *compromis* to oust the Board of jurisdiction and proceed in federal court. See *Walker v. Southern Railway Co.,* 385 U.S. 196, 198, 87 S.Ct. 365, 366, 17 L.Ed.2d 294 (1966) ("Provision for arbitration of a discharge grievance, a minor dispute, is not a matter of voluntary agreement under the Railway Labor Act . . . .").

5. Section 153 First (m) provides:
> The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both parties to the dispute. In case a dispute arises involving an interpretation of the award, the division of the Board upon request of either party shall interpret the award in the light of the dispute.

339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950); *Reed v. National Airlines, Inc.,* 524 F.2d 456 (5th Cir. 1975). The Court's reasoning in *Andrews* is particularly appropriate:

> The fact that petitioner characterizes his claim as one for "wrongful discharge" does not save it from the Act's mandatory provisions for the processing of grievances. Petitioner argues that his election to sever his connection with the employer and treat the latter's alleged breach of the employment contract as a "discharge" renders his claim sufficiently different from the normal disputes over the interpretation of a collective-bargaining agreement to warrant carving out an exception to the otherwise mandatory rule for the submission of disputes to the Board. But the very concept of "wrongful discharge" implies some sort of statutory or contractual standard that modifies the traditional common-law rule that a contract of employment is terminable by either party at will. Here it is conceded by all that the only source of petitioner's right not to be discharged, and therefore to treat an alleged discharge as a "wrongful" one that entitles him to damages, is the collective-bargaining agreement between the employer and the union. Respondent in this case vigorously disputes any intent on its part to discharge petitioner, and the pleadings indicate that the disagreement turns on the extent of respondent's obligation to restore petitioner to his regular duties following injury in an automobile accident. The existence and extent of such an obligation in a case such as this will depend on the interpretation of the collective-bargaining agreement. Thus petitioner's claim, and respondent's disallowance of it, stem from differing interpretations of the collective-bargaining agreement. The fact that petitioner intends to hereafter seek employment elsewhere does not make his present claim against his employer any the less a dispute as to the interpretation of a collective-bargaining agreement. His claim is therefore subject to the Act's requirement that it be submitted to the Board for adjustment.

406 U.S. at 323–24, 92 S.Ct. at 1565. Applying *Andrews,* an employee's characterization of his claim as "a tort action for malicious deprivation of benefits accrued under the collective bargaining agreement" has been held not to exempt him from the requirement of exclusive jurisdiction. *de la Rosa Sanchez v. Eastern Airlines, Inc.,* 574 F.2d 29 (1st Cir. 1978). In both cases, reasons remain for resting exclusive jurisdiction in the Board. *See Union Pacific Railroad Co. v. Price,* 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1958). (outlining legislative history behind Railway Labor Act dispute settling scheme). These reasons apply with equal force here. Even assuming that Brown made an agreement with American, his remedy for a breach of that agreement would, in the first instance,[6] be with the Board. First, the validity of the agreement can only be assessed with reference to the CBA. *See Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 347, 64 S.Ct. 582, 88 L.Ed. 788 (1943). This duty reposes with the Board. Second, assuming the agreement is not invalidated by its inconsistency with the CBA, this claim, like the claims in *Andrews* and *Sanchez,* stems from, and depends upon rights secured by the CBA. Brown's original claim, which led to the settlement agreement, was based on a job re-classification and loss of seniority, the stuff out of which minor disputes are classically made. Furthermore, if the agreement were enforced, it would affect the rights of other employees under the CBA. To allow Brown to return to his former position without loss of seniority would necessarily change the status of those currently working at that job. Thus, the settlement of this dispute

---

**6.** Under section 153 First (p), (q), judicial review of Board decisions is limited to actions "for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order." 45 U.S.C. § 153 First (p).

seriously implicates the CBA, and we hold that the Board, therefore, has exclusive jurisdiction to handle it.

AFFIRMED.

ALVIN B. RUBIN, Circuit Judge, concurring in the result:

The CBA had exclusive jurisdiction to consider Brown's claim because it was a "minor dispute" under the contract. Even if the airline did all that Mr. Brown asserts, the putative agreement could not be enforced independently of the statutory grievance procedure because any ostensible "contract" would be inextricably involved in the collective bargaining pattern.

Because the CBA jurisdiction is exclusive and the claim was not presented to it, I agree that, under the statute, we lack jurisdiction. Brown's withdrawal of the claim merely because the company *asserted* that the CBA lacked jurisdiction was ill-advised, but no authority is cited to us that would support our assuming jurisdiction merely to resolve the problem.