■ JOSEPH FRANCO, Appellant, v LONG ISLAND RAILROAD, Defendant, and FRED D. LIGUORI et al., Respondents. — In an action, *inter alia,* to recover damages (1) against the individual defendants for defamation and conspiracy and (2) against the defendant Long Island Railroad for wrongful discharge, plaintiff appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated August 6, 1981, which granted the motion of defendants Liguori and Pastore pursuant to CPLR 3212 for summary judgment and dismissed the complaint as to them for lack of subject matter jurisdiction. Order reversed, on the law, without costs or disbursements, and motion denied. As the result of a disciplinary hearing held on January 26, 1977, plaintiff was discharged from his position as a machine operator with the defendant railroad. On July 11, 1977 plaintiff commenced the instant action against the defendants, alleging 25 causes of action. The first 23 causes of action were directed against the individual defendants and contained, *inter alia,* allegations of defamation and conspiracy. The last two causes of action were directed against the railroad, alleging wrongful discharge and seeking, respectively, damages and reinstatement. In addition, plaintiff commenced a proceeding pursuant to CPLR article 78 against the railroad, seeking reinstatement to his former position. On August 17, 1977, the defendant railroad filed a petition in the office of the Clerk of the United States District Court for the Eastern District of New York, seeking to remove both the action and the CPLR article 78 proceeding to that court. After the removal to the Federal District Court was effectuated, all the defendants moved in September, 1977 to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a cause of action. Specifically, the defendants alleged in support of the motion that (1) plaintiff had been dismissed from his employment with the railroad after a company trial "on Company charges of insubordination, improper performance of duty and improper use of a Company vehicle", (2) pursuant to the provisions of the Federal Railway Labor Act (US Code, tit 45, § 151 *et seq.*) the matter had been submitted for final and binding arbitration, (3) the matter was "currently pending before the arbitrator", and (4) due to plaintiff's failure to exhaust his

administrative remedies under the Railway Labor Act, the court lacked subject matter jurisdiction. In response to defendants' motion, plaintiff (1) served upon the defendant railroad a notice of discontinuance of both the twenty-fifth cause of action asserted against it in the complaint and the CPLR article 78 proceeding and (2) cross-moved to remit the remaining causes of action to the New York State Supreme Court. At oral argument of these. motions, plaintiff (1) submitted the notice of discontinuance against the railroad, which the District Court treated as covering the twenty-fourth cause of action in the complaint as well as the twenty-fifth and (2) argued that the discontinuance of the causes of action against the railroad, which could be governed by the Railway Labor Act, would eliminate defendants' ground for removal to the Federal courts, and that, absent an independent ground of Federal jurisdiction, the common-law actions contained in the remaining 23 causes of action properly belonged in the courts of the State of New York. The Federal District Court agreed with the defendant railroad that since plaintiff had failed to exhaust his administrative remedies, as provided by the Railway Labor Act (US Code, tit 45, § 151 *et seq.*) the court was "without jurisdiction" to adjudicate his claims against the railroad. The court also agreed with plaintiff that the 23 causes of action alleged in the complaint against the individual defendants were "not asserted against the railroad * * * not founded on events governed by the Railway Labor Act, and [sought] remedies not provided by the Act". Even though the District Court was of the view that it could dismiss the "entire complaint" due to its lack of "jurisdiction under the Railway Labor Act" to entertain the allegations against the railroad, it chose instead, based on the "circumstances * * * and * * * plaintiff's attempt to separate and clarify his allegations" to (1) approve the plaintiff's application to voluntarily discontinue his twenty-fourth and twenty-fifth causes of action, and (2) grant plaintiff's cross motion to remit the remaining 23 causes of action interposed in the complaint against the individual defendants to the New York State Supreme Court. An appeal by all the defendants from the order of the Federal District Court was never perfected and was subsequently dismissed by the United States Court of Appeals for the Second Circuit as abandoned. Thereafter, the individual defendants moved in State Supreme Court for summary judgment dismissing the 23 causes of action interposed against them for lack of subject matter jurisdiction. Specifically, the individual defendants argued that (1) the "entire matter * * * arises out of the incident in which the plaintiff was discharged by the Railroad", (2) plaintiff's exclusive remedy was arbitration as mandated by the Railway Labor Act and (3) plaintiff could not "defeat the strictures of the Railway Labor Act by attempting to characterize his complaint for wrongful discharge by the Railroad as a common law tort by his supervisors". In granting the individual defendants' motion for summary judgment and dismissing the complaint, Special Term held: " 'Artful pleading cannot conceal the reality that the gravamen of the complaint is wrongful discharge.' (*Magnuson v Burlington Northern, Inc.*, 576 F 2d 1367). If the pleading of defamation and conspiracy allowed a discharged employee to avoid the impact of the Railway Labor Act on his rights, the Congressional scheme of a comprehensive plan to settle employer-employee disputes in the railway industry would be thwarted (*Magnuson v Burlington Northern, Inc., supra*). This Court's subject matter jurisdiction was previously pre-empted and the parties' rights determined." We reverse. One of the primary purposes of the Federal Railway Labor Act was to provide a mechanism for resolving disputes between employees and the employer carriers "growing out of grievances" (see US Code, tit 45, §§ 151a, 153, subd First, par [i]). However, the act does not apply to common-law actions between employees in which the interests of the

State are deeply rooted (*Linn v Plant Guard Workers,* 383 US 53; *Farmer v Carpenters,* 430 US 290; cf. *O'Mara v Erie Lackawana R. R. Co.,* 407 F2d 674, affd 397 US 25; *Ferro v Railway Express Agency,* 296 F2d 847). Nor is the decision in *Magnuson v Burlington Northern* (413 F Supp 870, affd 576 F2d 1367, cert den 439 US 930), relied on by the individual defendants and Special Term, apposite to the case at bar. In *Magnuson* a train dispatcher was discharged from his job for being responsible for an accident. The plaintiff contended that his discharge was a "whitewash" of management's negligence. He filed suit in State court against the railroad and his coemployees for damages caused by the infliction of emotional distress. The railroad's motion to remove the action from State court to Federal District Court was granted. Thereafter, the District Court dismissed the entire complaint for lack of jurisdiction on the ground that the action was one for wrongful discharge and therefore a minor dispute within the exclusive province of grievance mechanisms established by the Railway Labor Act (US Code, tit 45, § 153, subd First, par [i]; *Magnuson v Burlington Northern,* 413 F Supp 870, 872, *supra; Andrews v Louisville & Nashville R. R. Co.,* 406 US 320). Magnuson appealed, arguing that his action sounded in tort and not wrongful discharge, and therefore fell within the parameters of *Farmer v Carpenters* (430 US 290, *supra*). The United States Court of Appeals for the Ninth Circuit affirmed the District Court's order (*Magnuson v Burlington Northern,* 576 F2d 1367, *supra*). The distinction between *Magnuson* and the case at bar is that in *Magnuson* the railroad was a party to the suit throughout the action, whereas in the case at bar, the action remained, after its remittal back to the State Supreme Court, as a common-law action solely between employees. Accordingly, the order appealed from must be reversed, and the individual defendants' motion for summary judgment based on lack of subject matter jurisdiction, must be denied. Damiani, J. P., Titone, Mangano and Boyers, JJ., concur.