## AIR LINE PILOTS ASSOCIATION, INTERNATIONAL and James Hickey, Plaintiffs-Appellees,

v.

## ALASKA AIRLINES, INC., Defendant-Appellant.

### No. 83-3905.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1984.

Decided April 24, 1984.

Daniel P. Casey, Alaska Airlines, Inc., Seattle, Wash., for defendant-appellant.

Gary Green, Air Line Pilots Association International, Washington, D.C., for plaintiffs-appellees.

Before WRIGHT, GOODWIN and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

The Railway Labor Act, 45 U.S.C. § 151 et seq., provides that "disputes between an employee ... and a carrier ... growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions ... may be referred ... to an appropriate adjustment board ...." 45 U.S.C. § 184. This case concerns the meaning of the term "employee" in this provision.

Alaska Airlines, Inc. employed James Hickey as a pilot until his retirement on January 9, 1982. On March 27, 1982, almost three months after his retirement, Hickey filed a grievance asserting that the airline had incorrectly determined his retirement benefits. Alaska Airlines refused to consider Hickey's claim, arguing that because Hickey was no longer an employee, he had no right to file a grievance.

On October 4, 1982, Hickey and the Air Line Pilots Association International commenced an action in the District Court for the Western District of Washington, seeking to compel Alaska Airlines to arbitrate Hickey's grievance. The district court granted plaintiff's motion for summary judgment and directed the airline to arbitrate the grievance. Alaska Airlines filed this appeal.

The Railway Labor Act defines "employee" as including "every person in the service of a carrier (subject to its continuing authority to supervise and direct the manner of rendition of his service) who performs any work defined as that of an employee ...." 45 U.S.C. § 151 Fifth. In *Pennsylvania R.R. v. Day*, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959), the Supreme Court broadly interpreted this definition to include an employee who has retired from service after initiating a claim for compensation for work performed while on active duty. *Id.* at 551–52, 79 S.Ct. at 1324–25.

On appeal, Alaska Airlines contends that *Day* is not controlling precedent because in

*Day* the grievance was initiated before retirement, rather than after retirement. We think that this factual distinction is without legal significance. The rationale of *Day* applies with equal force regardless whether the grievance was initiated before or after retirement:

> The National Railroad Adjustment Board was established as a tribunal to settle disputes arising out of the relationship between carrier and employee. All the considerations which led Congress to entrust an expert administrative board with the interpretation of collective bargaining agreements are equally applicable when, as here, the employee has retired from service after initiating a claim for compensation for work performed while on active duty. The nature of the problem and the need for experience and expert knowledge remain the same. The same collective bargaining agreement must be construed with the same need for uniformity of interpretation and orderly adjustment of differences. There is nothing in the Act which requires that the employment relationship subsist throughout the entire process of administrative settlement. The purpose of the Act is fulfilled if the claim itself arises out of the employment relationship which Congress regulated. The Board itself has accepted this construction adjudicates the claims of retired employees. This uniform administrative interpretation is of great importance, reflecting, as it does, the needs and fair expectations of the railroad industry for which Congress has provided what might be termed a charter for its internal government.

360 U.S. at 551-52, 79 S.Ct. at 1324 (footnote omitted).

AFFIRMED.