**William KRAMISEN, Plaintiff,**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., Defendant.**

**No. 87 CV 3404.**

United States District Court, E.D. New York.

Oct. 11, 1988.

John J. Napolitano, Napolitano & Napolitano, Ozone Park, N.Y., for plaintiff.

Richard Schoolman & Scott E. Kresch, Pan Am Legal Dept., New York City, for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant moves to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) on the ground that the claims asserted are "minor disputes" under the Railway Labor Act and can be resolved only by an Adjustment Board. For the reasons discussed below, the motion is granted.

## FACTS

Plaintiff was employed by the defendant corporation for 27 years prior to his retirement in 1985 and brings this action to recover damages for defendant's failure to provide him with medical benefits after his active employment ceased. Before his retirement, plaintiff was a licensed crew chief-A, one of the job classifications covered by a collective bargaining agreement ("CBA") between defendant and the Transport Workers Union of America AFL–CIO ("TWU"), for a group of employees known as "Airline Mechanics and Ground Service Employees." Defendant is an air carrier subject to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA"), and TWU is the exclusive representative of defendant's Airline Mechanics and Ground Service Employees.

The CBA, which was entered into under the terms of the RLA, contains provisions that deal with, *inter alia,* medical insurance benefits for active and retired employees. Also provided in the CBA are provisions dealing with the adjustment of grievances, including grievance procedures culminating in final and binding arbitration before an appropriate Adjustment Board.

Prior to his retirement, plaintiff asked defendant what medical benefits he would receive after his retirement. Defendant informed plaintiff that he could maintain his full medical coverage upon retirement. After his retirement on August 1, 1985, however, defendant advised plaintiff that he was not entitled to any medical benefits.

Rather than present a grievance in accordance with the CBA, plaintiff commenced this action in 1987 in the Supreme Court of the State of New York, County of Nassau, seeking reinstatement on the ground that defendant fraudulently induced him into retirement and seeking damages for breach of contract. Defendant subsequently removed the action to this Court and now moves to dismiss on the ground that the Court lacks subject matter jurisdiction.

## DISCUSSION

The RLA governs labor disputes in the airline industry. 45 U.S.C. § 181. Arbitration procedures, also known as Adjustment Boards, are the mandatory and exclusive forum for the resolution of disputes between airline management and its employees "growing out of grievances, or out of interpretation or application of agreements concerning rates of pay, rules, or working conditions." *Id.* § 184. *See Baylis v. Marriott Corp.,* 843 F.2d 658, 662–63 (2d Cir. 1988). These types of grievances, commonly denominated "minor disputes," "relate[ ] either to the meaning or proper application of a particular provision" of a CBA "with reference to a specific situation." *Elgin, Joliet & Eastern Railway Co. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1290, 89 L.Ed. 1886 (1945). Unlike many cases that deal with whether a dispute is major or minor, *see International Brotherhood of Teamsters v. Pan American World Airways, Inc.,* 607 F.Supp. 609, 612–13 (E.D.N.Y.1985); *Air Line Pilots Ass'n v. Pan American World Airways, Inc.,* 599 F.Supp. 108, 110–11 (E.D.N.Y.1984), *aff'd without opinion,* 767 F.2d 908 (2d Cir.

1985), the question presented here is whether the RLA governs this dispute at all.

There exists a prevailing line of case law that establishes a construction of the RLA preempting state law claims against carriers because these claims are "in essence and substance" employment grievances. *Schwadron v. Trans World Airlines, Inc.*, 585 F.Supp. 1371, 1373 (W.D.Pa.1984) (collecting cases); *see Campbell v. Pan American World Airways, Inc.*, 668 F.Supp. 139, 144–45 (E.D.N.Y.1987). Unless the state has a substantial interest in the regulation of the conduct at issue and the federal regulatory scheme would not be unduly compromised by the state's interest, the RLA preempts state law. *Id.* at 145; *Majors v. U.S. Air, Inc.*, 525 F.Supp. 853, 855 (D.Md.1981).

Turning to the claims presented here, it is clear that plaintiff's action for breach of contract finds its essence in the CBA, and is thus preempted by the RLA. *See Campbell, supra,* 668 F.Supp. at 145. Similarly, plaintiff's fraud claim arises exclusively out of his employment relationship with defendant and is "in essence and substance" an employment grievance. *See Schwadron, supra,* 585 F.Supp. at 1373 (negligent misrepresentation); *DeLaRosa Sanchez v. Eastern Airlines, Inc.*, 574 F.2d 29, 31–32 (1st Cir.1978) (malicious deprivation of pension benefits); *Majors, supra,* 525 F.Supp. at 855–56 (false imprisonment and defamation). That plaintiff was no longer an employee at the time he should have filed the grievance would not have foreclosed arbitration. *Air Line Pilots Ass'n v. Alaska Airlines, Inc.*, 735 F.2d 328, 328 (9th Cir.1984).[1] The Court thus must conclude that plaintiff's claims are minor disputes within the meaning of the RLA, jurisdiction of which lies exclusively with the appropriate Adjustment Board.

## CONCLUSION

Accordingly, defendant's motion to dismiss the Complaint on the ground that the

Court does not have subject matter jurisdiction must be and hereby is granted.

SO ORDERED.

---

1. Even if plaintiff's fraud claim was not controlled by the RLA, the dismissal of the contract claim mandates the dismissal of pendent state tort claim because diversity jurisdiction does not exist. *See Baylis, supra,* 843 F.2d at 664–65.