**H. G. SKIDMORE, Appellant,**

v.

**CONSOLIDATED RAIL CORP., Appellee.**

No. 79–7210.

United States Court of Appeals,
Second Circuit.

Dec. 26, 1979.

Before MOORE, OAKES and NEWMAN, Circuit Judges.

## ORDER

Appeal pro se from an order of the United States District Court for the Eastern District of New York dismissing a complaint. The complaint sought judicial review, pursuant to 45 U.S.C. § 153 First (q), of an order of the National Rail Adjustment Board, Third Division (NRAB), which denied appellant certain rail passes to which he claimed entitlement under a labor agreement between his union and Conrail, and also denied reimbursement for costs incurred by appellant in earlier grievance proceedings.

Appellant had sought similar relief in prior cases in the district courts, and the instant complaint was dismissed upon findings by Judge Weinstein that the complaint was "a reiteration of 73 C 717, 73 C 901, 74 C 185, and 76 C 1436 (in SDNY)" and that appellant had failed to bring out any new facts at the hearing which would warrant a reopening of the case. We agree with Judge Weinstein that the claim is foreclosed by the prior litigation and find it without merit in any event.

## I

Section 3 First (q) of the Railway Labor Act, 45 U.S.C. § 153 First (q), provides for judicial review of NRAB decisions, but also states that

the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

Appellant asserts that under this section he was entitled to a full rehearing of all the issues presented to the NRAB, and that the limited review above provided refers to our review of the district court's action, rather than the district court's review of the NRAB action. However, there can be no question, under the plain language of § 153 First (q), and under the cases where this language has been construed, e. g., Brotherhood of Railway, Airline, and Steamship Clerks v. Kansas City Terminal Railway Co., 587 F.2d 903, 905–06 (8th Cir. 1978); and see Andrews v. Louisville & Nashville Railroad Co., 406 U.S. 320, 325, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972) (dictum), that the limitations pertain to the scope of

the district court's review of the NRAB action.

Appellant argues that even under a narrow standard of review he is entitled to relief, suggesting that the NRAB lacks jurisdiction to *misinterpret* the bargaining agreement, and that since it did (in his opinion) do so, its action failed to "confine itself, to matters within the scope of the division's jurisdiction" in the sense of § 153 First (q). This argument is unavailing. First, we are not persuaded that the NRAB did misinterpret the labor agreement in finding that under it, appellant's claims were time-barred. Second, if we were so persuaded, we could still only grant relief on the specious theory that the NRAB is without jurisdiction to make mistakes, with its corollary that in spite of the limiting language of § 153 First (q) a party is entitled to a virtually de novo review whenever he asserts error by the NRAB. That limiting language has prompted one court to say that the review afforded by the Railway Labor Act is "among the narrowest known to the law." *Denver and Rio Grande Western Railroad Co. v. Blackett*, 538 F.2d 291, 293 (10th Cir. 1976). Like any other adjudicatory body, the NRAB is not perfect, and will make mistakes from time to time. Under appellant's expansive notion of what is to count as a jurisdictional defect in an NRAB action, the district court would have ongoing authority to remedy all of these errors. But our power is circumscribed sharply by the clear congressional plan, under which NRAB decisions may not easily be set aside by the courts. Thus even if we thought the NRAB had erred in this case (which we do not), we could not overturn its decision.

Appellant also urges that he has been denied the right to a jury trial, guaranteed by the Seventh Amendment. But the Supreme Court has held that the jury right does not extend to situations where Congress has seen fit to set up an administrative procedure for adjudication of disputes arising out of statutorily created rights, *Atlas Roofing Co. v. Occupational Safety Commission*, 430 U.S. 442, 460, 97 S.Ct. 1261, 1271, 51 L.Ed.2d 464 (1977). It has been held that the rights here at issue are creatures of statute, *e. g., Magnuson v. Burlington Northern, Inc.*, 413 F.Supp. 870, 872 (D.Mont.1976), and appellant offers no reason, nor do we see any, to think otherwise.

Appellant also urges that the closed-shop provisions of the Railway Labor Act, pursuant to which the union and management negotiated new wage and benefit agreements that reduced his travel-pass benefits, violate his constitutional rights to free association and freedom from involuntary servitude. These contentions are without merit. The former was rejected in *Railway Employees' Department v. Hanson*, 351 U.S. 225, 233–38, 76 S.Ct. 714, 718–21, 100 L.Ed. 1112 (1956), and the latter in *Wicks v. Southern Pacific Co.*, 231 F.2d 130, 138 (9th Cir. 1956).

## II

The NRAB "functions solely as an . . . impartial adjudicatory tribunal, unlike a body such as the Federal Trade Commission, which operates as a quasi-legislative body, [which] maintains an interest in its decisions [and is, thus,] a proper respondent to a petition for review." *System Federation No. 30 v. Braidwood*, 284 F.Supp. 607, 610–11 (N.D.Ill.1968). In view of this fact, and because in the recruitment of qualified arbitrators to serve on NRAB panels it would be a serious hindrance if members were subject to lawsuits by dissatisfied carriers or employees, we agree with the NRAB that they should be dismissed as a party to this appeal.

For the foregoing reasons, this case is dismissed as to the NRAB, and the decision of the court below is in all other respects affirmed.