798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elmer E. MONHOLLEN, Plaintiff-Appellant,
v.
SEABOARD SYSTEM RAILROAD, Defendant-Appellee.
 No. 85-5071.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1986.
 
 Before MARTIN and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Monhollen filed Suit in district court to set aside an order of the National Railroad Adjustment Board. 45 U.S.C. Sec. 153(g). Monhollen had been discharged by the defendant for insubordination. Monhollen exhausted his contract grievance procedures after discharge and the matter was ultimately referred to a public law board under procedures provided for in the Railway Labor Act, 45 U.S.C. Sec. 153, et seq. Public Law Board No. 3067 (Board) ordered Monhollen reinstated to the seniority roster but denied back pay.
 
 
 2
 Monhollen's suit in the district court challenged only that part of the Board's decision which denied back pay. Mohollen claimed, inter alia, that that portion of the Board's decision which denied back pay was in error because the Board had failed to confine itself to matters within the scope of its jurisdiction.[1] This claim is predicated upon a provision of the collective bargaining agreement which states that an unjustly suspended or dismissed employee who is reinstated shall be compensated for any wage loss.[2]
 
 
 3
 Although the parties argue at length about the scope of judicial review in cases such as this, we need go no further in resolving this issue than to examine what action the Board took as it relates to plaintiff's claim. The Board, in its December 17, 1982 opinion, stated:
 
 
 4
 The Board is satisfied, from the evidence of record, that Claimant was insubordinate when he refused to answer the questions presented to him at the investigation of August 14, 1979. While this is not the usual type of insubordination commonly encountered in the workplace where an employee refuses to obey a direct order to perform work, it is insubordination nonetheless. The Board is also satisfied that Claimant's act of refusing to answer questions at the August 14 hearing was brought about by Claimant's own confusion and erroneous advice from outside attorneys who were representing Claimant in an unrelated action. The Board finds that these were extenuating circumstances that militate against termination, particularly when considering Grievant's years of service and a relatively good prior record.
 
 
 5
 (App. 39.)
 
 
 6
 Assuming, arguendo, as plaintiff claims, that Rule 34 as written could circumscribe the nature of relief the Board could grant, we find that the Board's action is wholly consistent with the provision of Rule 34. The Board did not find that plaintiff was unjustly discharged. Rather, they found that he was insubordinate but that there was an extenuating circumstance in that plaintiff was following "erroneous advice from outside attorneys." On the basis of this extenuating circumstance, they converted the termination to a suspension without pay. There is no doubt, however, that they concluded that disciplinary action was appropriate and there was no finding of an "unjust" termination.
 
 
 7
 The decision of the district court is affirmed.[3]
 
 
 
 [1]
 Plaintiff also claimed that the Board violated the provisions of 45 U.S.C. Sec. 153(g) through "fraud and/or corruption." We spend no time on this claim since the fraud was not plead with particularity as is required by Fed.R.Civ.P. 9(b) and plaintiff makes no argument in support of this contention on appeal
 
 
 [2]
 Rule 34 of the Collective Bargaining Agreement reads in its entirety as follows:
 No employe shall be disciplined without a fair hearing by designated officers of the carrier. Suspension in proper cases pending a hearing, which will be prompt, shall not be deemed a violation of this rule. At a reasonable time prior to the hearing, such employe and his local chairman will be apprised to the precise charge and given reasonable opportunity to secure the presence of necessary witnesses. If it is found that an employe has been unjustly suspended or dismissed from the service, such employe shall be reinstated with his seniority rights unimpaired, and compensated for the wage loss, if any, resulting from said suspension or dismissal.
 (App. 28.)
 
 
 [3]
 Plaintiff also argues that reversal is mandated because the district court failed to review the record of the administrative proceedings and that, by granting defendant's motion to dismiss, it denied plaintiff his right to a jury trial. We find both of these claims to be frivolous. The district court, as did this court, needed nothing more than the decision of the Board to ascertain it was issued within the proper scope of the Board's authority. There were no disputed factual issues which could require a review of the full record
 Plaintiff's jury trial argument is without merit for two reasons. The seventh amendment guarantees jury trials "in suits at common law ...." The judicial review rights here are statutory. These are not common law actions. Skidmore v. Consolidated Rail Corp., 619 F.2d 157 (2nd Cir.1979). Secondly, even where a jury trial is provided for a court is empowered to rule on matters presenting no factual issues and such rulings may be dispositive.