# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-3951

GEORGE MITCHELL,

*Plaintiff-Appellant*,

v.

UNION PACIFIC RAILROAD COMPANY and
NATIONAL RAILROAD ADJUSTMENT BOARD,

*Defendants-Appellees*.

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 03 C 4586—**Marvin E. Aspen**, *Judge*.

_____

SUBMITTED APRIL 18, 2005—DECIDED MAY 10, 2005

_____

Before BAUER, POSNER and RIPPLE, *Circuit Judges*.

PER CURIAM. Appellant George Mitchell has filed a petition for a writ of mandamus, which we have interpreted as a motion for summary reversal. In response, the National Railroad Adjustment Board ("NRAB") filed a motion to supplement the appellate record and requested that it be dismissed from the appeal. For the reasons that follow, we

dismiss as moot Mr. Mitchell's motion for summary reversal and the NRAB's motion to supplement, vacate the district court's judgment and remand for further proceedings.

Mr. Mitchell filed a grievance with his employer, Union Pacific Railroad Company. When negotiations failed, Mr. Mitchell submitted seven questions to the NRAB, Third Division. The NRAB deadlocked on whether to grant Mr. Mitchell relief, and brought in a referee to sit as a member of their group, pursuant to 45 U.S.C. § 153(l). After a hearing, the NRAB declined to consider the questions presented by Mr. Mitchell because he had not raised those questions in earlier negotiations with his employer and dismissed his claims on that ground.

Mr. Mitchell then appealed the NRAB's decision to the district court pursuant to 45 U.S.C. § 153(q), which provides federal jurisdiction for claims by employees who are harmed by the failure of the NRAB to make an award in any dispute or by the terms of any award. Mr. Mitchell argued that the NRAB violated 45 U.S.C. § 147 Third(c) by considering matters beyond the questions he presented. With his complaint, he also submitted a copy of the two NRAB decisions.

Upon reviewing Mr. Mitchell's motion to proceed in forma pauperis, the district court evaluated Mr. Mitchell's complaint to determine if his claims had merit. In so doing, the district court determined that it did not have jurisdiction to hear the case because Mr. Mitchell had not exhausted all of the requisite procedures in the Railway Labor Act, including the requirement that he negotiate with his employer before submitting questions to the NRAB. The district court dismissed the case.

Mr. Mitchell then appealed the district court's dismissal. Mr. Mitchell failed to file a timely opening brief, but then filed a "Petition for Writ of Mandamus." In his petition he

asked this court to set aside the NRAB awards because the NRAB had failed to file the arbitration records in this court or the district court, and requested that the NRAB file the record of its proceedings in this court so that he could complete his brief. We construed Mr.Mitchell's petition as a motion for summary reversal. The NRAB responded and stated that, on February 7, 2005, while the case was on appeal, the National Mediation Board, on behalf of the NRAB, filed the requested records with the clerk of the district court. The NRAB now requests that we allow the record on appeal to be supplemented with the records. The NRAB also argues that it is not a proper party to this litigation and requests that it be dismissed from the appeal.

The NRAB has moved to dismiss the appeal, arguing that it is not a proper party to these proceedings; it argues that the litigation should be between the parties to the arbitration and not the adjudicator of the proceedings. We have not yet addressed the issue of whether the NRAB is a proper party to a proceeding under 45 U.S.C. § 153(q). The Fourth Circuit summarized the positions of the courts that had addressed this issue as follows:

> The courts that have considered the issue have uniformly held that the NRAB and its components are not proper parties to an action challenging an award made under § 153. *See, e.g., Skidmore v. Consolidated Rail Corp.,* 619 F.2d 157 (2d Cir. 1979); *Sheehan v. Union Pac. R.R.,* 576 F.2d 854 (10th Cir. 1978); *Fong v. American Airlines,* 431 F. Supp. 1340 (N.D. Cal. 1977); *System Federation No. 30 v. Braidwood,* 284 F. Supp. 607 (N. D. Ill. 1968).

*Radin v. United States,* 699 F.2d 681, 686 (4th Cir. 1983). The Board, as "[a]n arbitration tribunal . . . is not properly a party to an action challenging the validity of its decision." *Id.*

Prior to the 1966 amendments to the Railway Labor Act, the NRAB was considered a necessary party because, without it, the court would not have a reviewable record or the power to review an award without the record. *Id.* at 686 n.11 (citing as an example, *Morrissette v. Chicago, Burlington and Quincy R.R.*, 299 F.2d 502 (7th Cir. 1961), in which this court declined to review an NRAB award because the NRAB was not party to the lawsuit). But since the 1966 amendments, the NRAB has not been an appropriate party to any actions to review an award of the NRAB. *Id.*[1] We join our sister circuits in holding that the NRAB is not a proper party to a proceeding under 45 U.S.C. § 153(q). Accordingly, we direct the district court to dismiss the NRAB from the case. Because the case was dismissed at a preliminary stage, it appears that the remaining defendant, Union Pacific Railroad Company, was not served in the district court. If it deems appropriate, the district court might permit Mr. Mitchell to serve Union Pacific upon remand.

When Mr. Mitchell filed his petition for review of the agency's decision in the district court, the NRAB was required to "file in the court the record of the proceedings on which it based its action." 45 U.S.C. § 153(q). In this case, the arbitration records should have been filed in the district court but were not. Thus, the district court did not have the opportunity to review the arbitration record before it determined that Mr. Mitchell had not exhausted his administrative remedies. In order to allow the district court this

---

[1] The NRAB also can be distinguished from the Federal Trade Commission, which is a proper respondent to a petition for review. *See Skidmore v. Consol. Rail Corp.*, 619 F.2d 157 (2d Cir. 1979). While the FTC operates as a quasi-legislative body, and maintains an interest in its decisions, the NRAB functions solely as an impartial adjudicatory tribunal. *Id.*

opportunity, we remand this case to the district court for consideration of the NRAB record.[2]

For the reasons stated above, we dismiss as moot Mr. Mitchell's motion for summary reversal and the NRAB's motion to supplement the appellate record, vacate the district court's judgment and remand for further proceedings consistent with this opinion.

DISMISSED in part, VACATED and REMANDED in part

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

---

[2] We construed Mr. Mitchell's petition for a writ of mandamus as a motion for summary reversal; he argued that the arbitration awards should be set aside because the NRAB failed to file the arbitration records in this court or the district court. Because we are remanding for consideration of the NRAB record, we dismiss as moot Mr. Mitchell's motion for summary reversal. We also dismiss as moot the NRAB's motion to supplement the appellate record.

---