In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 05-3291, 06-1766 & 06-2151

GEORGE D. MITCHELL,

*Plaintiff-Appellant,*

*v.*

UNION PACIFIC RAILROAD COMPANY,
RAILROAD ADJUSTMENT BOARD, and
TRANSPORTATION COMMUNICATIONS
INTERNATIONAL UNION (TCU),

*Defendants-Appellees.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 04 C 1870, 05 C 2193 & 05 C 3834—**Elaine E. Bucklo,**
**James B. Moran** and **Ronald A. Guzman,** *Judges.*

SUBMITTED APRIL 13, 2007—DECIDED SEPTEMBER 5, 2007

Before BAUER, POSNER and RIPPLE, *Circuit Judges.*

PER CURIAM. Appellees Union Pacific Railroad Co.
("Union Pacific") and the Transportation Communications
Union ("TCU") asked us to sanction George Mitchell or
to dismiss this appeal for Mr. Mitchell's failure to com-
ply with the rules and orders of this court. After con-
sidering Mr. Mitchell's response to the appellees' request,
we agree that dismissal is warranted.

These appeals arise out of a number of disputes Mr.
Mitchell has with his employer, Union Pacific. Unsatisfied

with the results of his arbitration hearing on those disputes, Mr. Mitchell filed suit against Union Pacific, TCU, his union representative, and the National Railroad Adjustment Board ("NRAB"), the arbitration panel that handled the matters. The district courts granted motions by the defendants for dismissal and summary judgment on all of Mr. Mitchell's claims, reasoning that a number of them were time-barred, precluded by the limited jurisdiction afforded federal courts by the Railway Labor Act, 45 U.S.C. § 153(q), or otherwise meritless, and that the National Railroad Adjustment Board was not a suitable party. *See Pokuta v. Trans. World Airlines*, 191 F.3d 834, 839 (7th Cir. 1999); *Mitchell v. Union Pac. R.R. Co.*, 408 F.3d 318, 320 (7th Cir. 2005). On appeal, we consolidated the cases for review and summarily affirmed the portion of the district court's decision dismissing the NRAB from the case.

Dismissal is warranted only in those situations where a litigant disregards the court's orders or engages in unreasonable delay. *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000). In this instance, Mr. Mitchell has not complied with our orders regarding the size of his brief. He first requested permission to file an oversized brief after we consolidated his cases on appeal. We denied that request and a second one, which Mr. Mitchell filed one month later. After each denial we granted Mr. Mitchell additional time to file his brief. Notably, the second time we denied his request we warned Mr. Mitchell that his failure to file a rule-compliant brief by the next due date could result in the dismissal of his appeal.

But instead of filing a rule-compliant brief on the due date Mr. Mitchell moved again to file an oversized brief. Two days later, Mr. Mitchell attempted to withdraw that motion because, he asserted, he realized the brief was not actually oversized. In response to these motions,

appellees Union Pacific and TCU suggest that dismissal of the appeal is appropriate in light of Mr. Mitchell's refusal to comply with our orders. *See Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). We asked Mr. Mitchell to show cause as to why his appeal should not be dismissed.

Mr. Mitchell responds that he reasonably misunderstood the requirements of the type-volume limitation. *See* Fed. R. App. P. 32(a)(7)(B)(iii). In particular, he contends that because the rules do not specify whether case names outside of the table of authorities count toward the word limit nor do the rules set a page limit for a consolidated brief, he mistakenly chose a more expansive interpretation of the rules. But the reasonableness of this interpretation is suspect, particularly in light of Mr. Mitchell's familiarity with this court's procedures. *Mitchell*, 408 F.3d at 318. And tellingly, in his response to the show cause order he asks permission, now for the fourth time, to file an oversized brief. This court has fulfilled its obligation to warn Mr. Mitchell that his failure to file a rule-compliant brief could result in the dismissal of his appeal. And we note that a litigant's pro se status does not afford license to disobey orders from this court. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). In light of our warning and Mr. Mitchell's reluctance to heed our orders, dismissal is an appropriate remedy.

Accordingly, this appeal is DISMISSED.

APPEAL DISMISSED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*