**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARTIN AKERMAN,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-22-0376-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: October 3, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Martin Akerman</u>, Arlington, Virginia, pro se.

<u>Gonzalo Pinacho</u>, Arlington, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1　　　The appellant has filed a September 6, 2022 submission challenging the initial decision, which sustained his indefinite suspension based on the revocation of his security clearance. For the reasons set forth below, we DISMISS WITH PREJUDICE the appellant's submission based on his repeated failure to file a perfected petition for review that complies with the Board's regulations.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      On August 10, 2022, the administrative judge issued an initial decision based on the written record, affirming the appellant's indefinite suspension. Initial Appeal File, Tab 56, Initial Decision (ID). The administrative judge notified the appellant that the initial decision would become final on September 14, 2022, unless a party filed a petition for review by that date. ID at 14. The administrative judge also informed the parties that, pursuant to 5 C.F.R. § 1201.114(h), the length of a petition for review is limited to 30 pages or 7500 words, whichever is less, and that a request for leave to file a pleading that exceeds such limitations must be received by the Office of the Clerk of the Board at least 3 days before the filing deadline. ID at 16.

¶3      The appellant filed a timely request for an extension of the deadline to file a petition for review, which the Acting Clerk of the Board granted until October 14, 2022. Petition for Review (PFR) File, Tabs 1-2. On September 5, 2022, the appellant submitted a "Request for Leave to Exceed Length Limitation for Filing of PFR." PFR File, Tab 3 at 3. In succession, on September 6, 2022, the Clerk's Office issued an order denying the appellant's request for insufficient cause; the appellant filed a renewed request for leave to exceed the length limitation; and the Clerk's Office issued a second order denying the renewed request on the same basis and reminding the appellant of the Board's formatting requirements under section 1201.114; however, the appellant subsequently filed a noncompliant petition for review on September 6, 2022.[2] PFR File, Tabs 4-7.

¶4      In a September 7, 2022 letter, the Clerk's Office rejected the appellant's September 6, 2022 submission, deleted it from e-Appeal, and returned it to him by email. PFR File, Tab 7. The letter further explained the specific requirements for filing a perfected petition for review and apprised the appellant that the initial decision will remain the final decision of the Board if he did not file a compliant

---

[2] The appellant's submission consisted of a single-spaced petition for review, which exceeded the length limit by at least nine pages, and two attachments. PFR File, Tab 7 at 1-2.

petition for review by October 14, 2022. *Id.* The appellant then filed two additional noncompliant submissions, which the Clerk's Office also rejected. PFR File, Tabs 8-9. In a September 13, 2022 letter, the Acting Clerk advised the appellant that he had a final opportunity to perfect his petition for review on or before October 14, 2022, and that, if he failed to do so, the Board may impose appropriate sanctions, including dismissing his petition for review with prejudice. PFR File, Tab 9 at 2-3. After receiving the appellant's fourth failed attempt to submit a petition for review in compliance with section 1201.114, the Clerk's Office advised the parties that the matter had been referred to the full Board for consideration and that no additional pleadings should be filed by the parties.[3] PFR File, Tabs 10-11.

## ANALYSIS

¶5 Under 5 C.F.R. § 1201.114(h), a petition for review is limited to 30 pages or 7,500 words, whichever is less, and the length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations must be received by the Clerk of the Board at least 3 days before the filing deadline and must give the reasons for a waiver as well as the desired length of the pleading. 5 C.F.R. § 1201.114(h). Waivers are granted only in exceptional circumstances. *Id.*

¶6 Litigants before the Board are expected to comply with all orders issued by the Board and to comply with the Board's regulations. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 (2016). The Board's regulations do not specifically provide what sanctions the Board may impose for a party's failure to comply with 5 C.F.R. § 1201.114(h); however, it has construed such noncompliance as a failure to prosecute and imposed sanctions accordingly. *Id.*,

---

[3] Consistent with its September 15, 2022 Order, the Clerk's Office also rejected the appellant's September 3, 2023 attempt to supplement his purported petition for review and rejected the appellant's August 30, 2024 request to "transfer" this matter to a U.S. district court. PFR File, Tabs 11, 14-15.

¶¶ 11-14. The Board has found it appropriate to impose the severe sanction of dismissal with prejudice for an appellant's failure to comply with section 1201.114(h) when it serves the ends of justice and the appellant fails to exercise due diligence or exhibits bad faith in his efforts to comply. *Id.*

¶7        Although notified of the 30-page regulatory limit in the initial decision and despite the Acting Clerk's clear and repeated directions to comply, the appellant filed a nonconforming petition for review and then failed to perfect his petition on three more occasions. PFR File, Tabs 8-10. The appellant's submissions, exclusive of attachments, significantly exceeded the limitation.[4] PFR File, Tabs 7-9, Tab 10 at 9-44; *cf. Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 12 (2017) (finding the agency's single-spaced response to the petition for review substantially compliant with section 1201.114(h) because it did not exceed the 7,500 word limit). Initially, the appellant did not offer any explanation for his inability to comply with the Board's length limitation set forth in 5 C.F.R. § 1201.114. PFR File, Tab 3. In his renewed requests to exceed the page limit, he attributed his noncompliance to his pro se status, his unfamiliarity with legal arguments, and the numerous challenges to the initial decision he was raising. PFR File, Tab 5 at 3, Tab 9 at 2. However, the appellant's pro se status does not grant him license to flout the Acting Clerk's instructions. *See Morris*, 123 M.S.P.R. 662, ¶ 15 (applying *Mitchell v. Union Pacific Railroad Company*, 501 F.3d 794, 795-96 (7th Cir. 2007) (dismissing, despite his pro se status, the appellant's appeal for his continued failure to file a rule-compliant brief)). By repeatedly failing to comply with the Board's regulations and the clear directions

---

[4] The appellant's last submitted petition for review totaled 105 pages inclusive of attachments, including a 39-page attachment, labeled "Rejected PFR," which also challenges the administrative judge's findings of fact and conclusions of law. PFR File, Tab 10. This part of the appellant's submission is fairly construed as part of the petition for review. *Id.* at 55-92; *see Morris*, 123 M.S.P.R. 662, ¶¶ 7-9 (finding that the sections of the appellant's submissions, including the table of authorities, were considered as part of the appellant's petition for review because they all challenged the administrative judge's findings of fact and conclusions of law and rulings, and otherwise included arguments and analysis on the merits of his appeal).

provided by the Clerk's Office, the appellant failed to exercise due diligence. *See id.*, ¶ 14. In light of the appellant's persistent disregard for and substantial noncompliance with the Board's regulations and the Acting Clerk's directions, we find it appropriate to dismiss with prejudice the appellant's petition for review.

¶8 This is the final decision of the Merit Systems Protect Board regarding the dismissal of the appellant's purported petition for review for failing to comply with the Board's regulations and the Acting Clerk's issuances explaining those regulations. The initial decision remains the final decision of the Board regarding the merits of the agency's action.

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:              _____
                           Gina K. Grippando
                           Clerk of the Board

Washington, D.C.